388 P.2d 96

Claude W. PALMER and Norma E. Palmer, his wife, Plaintiffs-Respondents,

v.

Gertrude V. BRADFORD, a widow, individually and as the duly appointed, qualified and acting executrix of the last will and estate of Clarence W. Bradford, (sometimes known as C. W. Bradford) deceased, and as the sole survivor of the community formerly composed of Clarence W. Bradford and Gertrude V. Bradford, and as the sole legatee and devisee and under the last will and testament of Clarence W. Bradford, deceased, Helen Karnes, Shirley Roberts, Mary Lane Gurney, Boyd Bradford, Candace, Bradford and Frances Bradford, children and heirs at law of Clarence W. Bradford, deceased, Richard M. Schaefer, Jr., and Mildred Schaefer, husband and wife, individually, and as doing business under the firm name and style of Schaefer Lumber Company, Defendants-Appellants.

No. 9308.

Supreme Court of Idaho.

Dec. 2, 1963.

Rehearing Denied Jan. 22, 1964.

Rapaich & Knutson, Lewiston, for appellants.

Cox, Ware, Stellmon & O'Connell, Lewiston, for respondents.

security for the payment of a promissory note dated March 1, 1959, in the principal sum of $6500.00, payable March 1, 1961. Clarence W. Bradford died March 31, 1960.

On February 21, 1959, appellants, Richard M. Schaefer, Jr. and Mildred Schaefer, husband and wife, doing business as R. M. Schaefer Lumber Company, began, at the special instance and request of said Clarence W. Bradford, to supply materials for the construction of a dwelling upon the subject premises. From February 21, 1959, through July 16, 1959, the Schaefers supplied materials for said purpose. On September 15, 1959, appellants Schaefers filed a materialman's notice and claim of lien against the subject premises in the amount of $1787.81.

During the succeeding two and one-half years Gertrude V. Bradford made payments on the account for which the claim was filed and notations showing the date and amount of said payments were endorsed on the record of the claim of lien. The amounts of such payments and the dates upon which they were made and endorsed on said record are:

KNUDSON, Chief Justice.

Under date of March 12, 1959, defendants, Gertrude V. Bradford and her husband Clarence W. Bradford, executed a mortgage upon real estate owned by them (hereinafter referred to as the subject premises) to respondents, Claude W. Palmer and wife, as

$1.00 paid March 9, 1960 and endorsed on March 14, 1960
$1.00 paid Sept. 7, 1960 and endorsed on September 7, 1960
$1.00 paid March 9, 1961 and endorsed on March 9, 1961
$1.00 paid Sept. 4, 1961 and endorsed on Sept. 4, 1961
$1.00 paid March 3, 1962 and endorsed on March 6, 1962
$1.00 paid Sept. 4, 1962 and endorsed on Sept. 4, 1962

On June 11, 1962, respondents as plaintiffs commenced this action to foreclose said mortgage and caused a lis pendens to be regularly filed on the same date. Appellants were made defendants in said action.

Appellants filed their answer to the complaint on September 13, 1962, and on October 3, 1962, filed their amended answer on cross-claim under which appellants sought to foreclose their materialman's lien and have it adjudged a valid and existing lien prior in right to respondents' mortgage. The trial court concluded that appellants' lien was inferior and subordinate in right to respondents' mortgage and entered judgment accordingly. This appeal is from said judgment.

■ Respondents, in their brief and by oral argument, challenged the validity of appellants' lien on the ground that it lacks the required verification. Appellants point out that no aspect of the validity of the form of the lien or its verification was questioned by respondents in the trial court and that the question of its validity was raised for the first time in their reply brief filed herein.

Notwithstanding respondents' said contention the record shows, under the "issues of law" as stated in the pretrial order, that the issues involve "a valid and duly recorded materialman's lien." In this regard the trial court found and concluded:

"That the materialman's lien filed against the property described herein, by the defendants, Richard M. Schaefer, Jr., and Mildred Schaefer, his wife, on September 15, 1959, was duly signed and verified, and complied with the requirements of law, and in that said lien is a good, valid and subsisting lien against the said premises, subject and inferior however, to the lien of the mortgage of Claude W. Palmer and Norma E. Palmer, his wife."

Respondents did not appeal from any finding of fact, conclusion of law or portion of the judgment entered by the trial court nor is error assigned to such finding or conclusion. Under these circumstances and for the purpose of considering the principal question presented by this appeal, which we consider as controlling, we accept the trial court's conclusion as to the validity of the notice and claim of lien.

Under appellants' assignments of error the main question presented for determination is whether the successive payments on account made by appellant Bradford extended the time within which proceedings must be commenced to enforce the lien as limited by I.C. § 45–510, the pertinent portion of which provides:

"No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six months after the claim has been filed, unless proceedings be

commenced in a proper court within that time to enforce such lien; or unless a payment on account is made, or extension of credit given with expiration date thereof, and such payment or credit and expiration date, is endorsed on the record of the lien, then six months after the date of such payment or expiration of extension. * * * "

Appellants contend that under the law of this state a materialman's lien which is properly made and timely filed is prior in right to a mortgage which attached subsequent to the time that materials were commenced to be furnished. This contention is based upon I.C. § 45–506, which provides:

"The liens provided for in this chapter are preferred to any lien, mortgage or other encumbrance, which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage, or other encumbrance of which the lien holder had no notice, and which was unrecorded at the time the building, improvement or structure was commenced, work done, or materials were commenced to be furnished."

The admitted facts are that the materials were furnished from February 21, 1959, through July 16, 1959, and that the mortgage involved was executed, filed and recorded on March 12, 1959.

From these facts it is clear that appellants' lien was, at the time of its filing, entitled to priority over the mortgage. Appellants are relying entirely on the successive payments of $1.00 each and their respective endorsements on the lien record as being sufficient in and of themselves to extend for six months, after each payment, the time within which suit could be brought to foreclose the lien.

There is no doubt that under the language of the statute if, within six months after the claim has been filed, a payment on account is made and endorsed on the record of the lien, the duration of the lien is extended a period of six months from the date of such payment. However, we do not agree with appellants' contention that successive payments at six-month intervals will continue to extend the duration of the lien. It must be noted that the article "a" precedes the word "payment" in the statute where the latter word is first used. The word "payment" is used three times in said statute, each in a singular sense, as follow: "or unless *a payment* on account *is made* * * * and *such payment* * * * *is endorsed* on the record of the lien, then six months after *the date* of such *payment* * * *." (emphasis supplied) The statute does not contain any language which indicates that the legislature intended that the duration of such lien could be repeatedly extended by making successive payments.

■ The statute creates and limits the duration of the lien. The statute also gives jurisdiction to the court to foreclose or enforce a lien on certain conditions,—the filing of a claim of lien, and the commencement of the action within the time specified after such claim is filed. If these things are not done no jurisdiction exists in the court to enforce the lien. When the limit fixed by statute for duration of the lien is past, no lien exists, any more than if it had never been created. Willes v. Palmer, 78 Idaho 104, 298 P.2d 972; Platts v. Pacific First Fed. Sav. & Loan Ass'n of Tacoma, 62 Idaho 340, 111 P.2d 1093; Boise Payette Lbr. Co. v. Weaver, 40 Idaho 516, 234 P. 150; Western Loan & Bldg. Co. v. Gem State Lbr. Co., 32 Idaho 497, 185 P. 554; Peterson v. Dillon, 27 Wash. 78, 67 Pac. 397; Fleshman v. Whiteside, 148 Or. 73, 34 P.2d 648, 93 A.L.R. 1456 (Ore. 1934).

■ We therefore hold that a payment on account made and endorsed on the record of the lien within six months after the claim has been filed does, within the meaning of I.C. § 45–510, extend the duration of a lien covered by said statute for a period of six months after such payment. However, additional or successive payments on account, even though endorsed on the record of the lien, no matter when made, will not extend the duration of the lien beyond the six-month period following the first payment.

■ No proceedings of any kind were commenced by appellants to enforce their lien within six months after the first payment on account and its endorsement on the lien record. The lien therefore became unenforceable and is not entitled to priority over respondents' mortgage lien.

Having reached the foregoing conclusion it is not necessary to consider appellants' assignment of error relating to the attorney fees allowed or to respondents' contention that the claim of lien was defective or invalid.

The judgment is affirmed. Costs to respondents.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.