652 P.2d 188

Roger CATHER, Plaintiff-Respondent,

v.

Ray KELSO dba Carpet Master's
Defendant-Counter Claimant,
Cross Claimant-Appellant,

v.

WESTERN MORTGAGE LOAN CORPO-
RATION a Utah corporation; Clark Ol-
son, d/b/a Clark's Painting and Deco-
rating; and DeWils Interiors, Inc., a
Washington corporation qualified to do
business in Idaho, Defendants-Respon-
dents,

and

Wildwood Construction, Inc., an Idaho
corporation; Thomas Turner; Terrell,
Inc., an Idaho corporation; Keto Heat-
ing and Cooling Co. Inc., an Idaho cor-
poration; Mark N. Gerla, d/b/a Gerla
Construction; Holmes Plumbing Co., a
business entity; and Franklin Building
Supply Co., a business entity, Defend-
ants.

No. 13868.

Supreme Court of Idaho.

May 24, 1982.

Rehearing Denied Oct. 29, 1982.

E. Don Copple of Davison, Copple, Copple
& Copple, Boise, defendant-counter claim-
ant, cross claimant-appellant.

James R. Gillespie, and Joe H. Uberuaga,
II, of Eberle, Berlin, Kading, Turnbow &
Gillespie, Chtd., Boise, for plaintiff-respon-
dent.

McFADDEN, Justice.

In August 1979 Ray Kelso, dba Carpet Masters, furnished material and labor on certain property in Boise County, Idaho, owned by Wildwood Construction, subject to a deed of trust. None of the agreed prices for materials furnished by Kelso was paid. On October 12, 1979, Mr. Kelso caused to be filed in the office of the recorder of Boise County, Idaho his claim of lien.

On February 8, 1980, plaintiff Roger Cather, another supplier to the home being constructed by Wildwood Construction Inc., filed his foreclosure suit in which Ray Kelso was named as one of the defendants. On Friday, April 11, 1980, Kelso's answer, counterclaim and crossclaim in this action were mailed to the clerk of the court, Boise County in Idaho City, Idaho. The answer, counterclaim and crossclaim were filed by the clerk's office on Monday, April 14, 1980.

Kelso moved for summary judgment and his lien was challenged by respondent on two grounds: (1) that prior to providing the labor and materials Kelso had not filed a certificate of assumed business name with the Boise County recorder and was therefore not entitled to maintain the action and (2) that Kelso's action was not commenced within six months of the filing of his lien as required by I.C. § 45–510 and therefore his lien was unenforceable. Kelso filed his certificate of an assumed business name on July 11, 1980, and the trial court held that the defect was cured.[1] In response to the second contention by Turner, Kelso argued that I.R.C.P. 6(a), which provides that the last day computed in any period of time prescribed is extended to the next day which is not a Saturday, Sunday or a legal holiday when that last day falls on a Saturday, Sunday or legal holiday, is applicable and therefore his claim was not barred.

The district court ruled that since Kelso's claim had not been filed within the six month period of time provided for by I.C. § 45–510 for the commencement of an action to foreclose the materialman's lien, his

1. This was not raised as an issue on appeal.

lien was invalid and dismissed Kelso's crossclaim and counterclaim to foreclose his lien. Kelso appeals from the dismissal.

The issue presented on appeal is whether the April 14, 1980 filing of appellant's answer, crossclaim and counterclaim was timely. This issue is determined by an examination of the rules of this court and legislative enactments.

Rule 6(a) reads in pertinent part:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday . . . ."

Respondent's argument is that Rule 6, being procedural, cannot effect a substantive right.

I.R.C.P. 6 is identical to F.R.C.P. 6, except for minor differences not relevant here. There has been a split in the federal courts as to whether F.R.C.P. 6 applies to statutes of limitations. The minority view is that since the rules are procedural they cannot apply to effect substantive rights. An example of this theory is found in *Joint Council Dining Car Employees, Local 370 v. Delaware, L. & W.R. Co.*, 157 F.2d 417 (2d Cir. 1946), wherein Judge Clark stated, "Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation." 157 F.2d at 420. The majority rule and better reasoned rule is that Rule 6(a) does apply to statutes of limitation. The majority rule has been applied to federal courts. *Souife v. First National Bank of Commerce*, 452 F.Supp. 818 (E.D.La.1978), 628 F.2d 480 (5th Cir. 1980), rev'd on other grounds; *Kane v. Douglas*,

*Elliman, Hollyday and Ives,* 635 F.2d 141 (2d Cir. 1980); and it has been applied by state courts with rules similar to F.R.C.P. 6(a), *Salzman v. Morentin,* 116 Ariz. 79, 567 P.2d 1208 (Ct.App.1977); *Romaine v. State Farm Mut. Auto Ins. Co.,* 485 P.2d 102 (Nev.1971); *Brown v. Porter,* 13 Mich.App. 6, 163 N.W.2d 709 (1968). Any split which may have existed throughout federal circuits is narrowing toward the liberal rule.

The Supreme Court of Nevada in *Romaine v. State Farm Mut. Auto Ins. Co.,* supra, stated: "Application of N.R.C.P. 6(a) here does not result in the modification of the prescribed statutory period. '[This] is merely a judicial interpretation of "how" an action is to be brought after the legislature has specified "what" actions may be brought.' *Brown, supra* 163 N.W.2d at 710."

Also, in support of the majority position is the United States Supreme Court decision in *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 40, 69 S.Ct. 911, 912, 93 L.Ed. 1190 (1949), wherein the court applied F.R.C.P. 6(a) to a statutorily prescribed time period. The court stated:

"There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus *Street v. United States,* 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). The appeal therefore did not fail for lack of timeliness."

The purpose of applying Rule 6(a) has been expressed as a common sense approach to the problem and to establish a uniform system of computing time for the convenience of both the court and the litigants. See *Kollios v. U.S.,* 512 F.2d 1316 (1st Cir. 1975); *Bowling v. Webb Gas Co., Inc. of Lebanon,* 505 S.W.2d 39 (Mo.1974).

The district court recognized that the above authorities cited by appellant represented the majority holding with respect to the effect of a statute of limitations running out on a weekend or a legal holiday. The court then went on to hold that statutory time limitations as they pertain to mechanics/materialmen's liens are not handled in the same manner as ordinary statutes of limitation. In support of this conclusion the district court relied on the Idaho Supreme Court decisions of *Western Loan and Bldg. Co. v. Gem State Lumber Co.,* 32 Idaho 497, 185 P. 554 (1919), and *Palmer v. Bradford,* 86 Idaho 395, 388 P.2d 96 (1963). In *Western Loan and Bldg. Co.,* the owner executed a mortgage on a lot of real property to Western Loan on May 3, 1913. On October 13, 1913, the lien claimant filed a lien for material furnished and commenced suit within the six month period against the owner but did not join Western Loan as a party. On September 7, 1914, Western Loan filed suit to foreclose its mortgage, naming the lien creditor who cross-complained to foreclose his lien. This court held that the mortgage was prior to the materialman's lien because no action had been filed against the mortgage holder within six months. The court stated:

"The limitation prescribed by statute of the time within which an action must be brought in a proper court for the foreclosure of a mechanic's lien is not the ordinary statute of limitation which is waived

if not pleaded. 'The time within which a suit must be brought operated as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' " 32 Idaho 497, 501, 185 P. 554. However, it is to be noted that this case did not have any discussion as to how the time within which the suit must be brought is to be computed.

*Palmer v. Bradford, supra,* concerned whether periodic payments on the account acted to extend the six month limitation period of I.C. § 45–510. However, here again as in *Western Loan, supra,* no issue was presented or discussion given for the computation of time for the filing of the lien foreclosure action. In *Palmer* the owners had purchased construction material from February 21, 1959 until July 16, 1959. On March 12, 1959 the owners signed a mortgage on the property in favor of the Palmers. On September 15, 1959 Schaefer filed a materialman's lien against the property. For the next two years the owner made payments on the account for which the lien was filed. On June 11, 1962 the mortgage holder filed suit to foreclose their mortgage and on October 3, 1963, three years later, the materialmen crossclaimed to foreclose their lien and have it adjudged prior in right to the mortgage. This court held that a payment on account extends the duration of the lien for one six month period and that additional or successive payments on account will not extend the duration of the lien beyond the six month period following the first payment. The court stated:

"The statute creates and limits the duration of the lien. The statute also gives jurisdiction to the court to foreclose or enforce a lien on certain conditions, the filing of a claim of lien, and the commencement of the action within the time specified after such claim is filed. If these things are not done no jurisdiction exists in the court to enforce the lien. When the limit fixed by statute for duration of the lien is past, no lien exists, any more than if it had never been created." *Palmer v. Bradford,* 86 Idaho 395, 401, 388 P.2d 93 (1963).

The above quotations were cited by and relied on by the district court in reaching its conclusion that the legislature and the Supreme Court have purposefully treated the time limitation of I.C. § 45–510 as a special provision, distinct from analogy to true statutes of limitation. While it is true that the time limitation contained in I.C. § 45–510 is more than a statute of limitation, it does not necessarily follow that I.R.C.P. 6 is inapplicable. Both of these cases cited by the district court concerned a factual situation distinct from the facts involved here. Here, Kelso was precluded from perfecting his lien because the courthouse was closed on the last day he could have perfected his action by filing his answer, crossclaim and counterclaim.

Those cases concerned the effect of the lapse of the six month limitation contained in the statute, but neither case addressed how the time is to be computed.

Since at least 1887, the adoption of revised statutes, up until 1941 the law in this state required that the various county offices, including "recorders offices" (clerk of the court) to be open for transactions of business from 9:00 a.m. to 5:00 p.m. everyday in the year except holidays. During that same period, statutes provided that holidays included certain designated days of the year and every Sunday and days designated by the United States or the Governor. Similar statutes as to the definition of holidays are still a part of the statutes of this state. Rev.Stat. 1887 § 10, and I.C. § 73–108, last amended S.L.1977, Ch. 167, § 2, p. 431. Thus, up until 1941 at least, the courthouses were always open for business on Saturdays.

In 1941, the original provision, Rev.Stat. 1887 § 1822 (I.C. § 31–2009), was amended to provide that "the board of county commissioners may by order provide that on Saturday they must keep [designated county offices] open for the transaction of business only from 9 o'clock a.m. till 12 o'clock noon. From 1941 to 1957 the county courthouses were open for business on Saturday

morning. In 1957, the legislature amended I.C. § 31–2009 to provide that the county offices should remain open "on such days and during such hours as the boards of county commissioners may prescribe." That statute is the present law in the state today.

■ It is well recognized and subject to judicial notice that the county offices in this state are closed all day Saturday for the transaction of business. I.C. § 73–109 states, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded." I.C. § 1–212 recognizes and confirms the inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho. The validity of this statute was recognized in *R.E.W. Constr. Co. v. District Court*, 88 Idaho 426, 400 P.2d 390 (1965). I.R.C.P. 6(a), quoted above, states that in a time computation the last day of the period is included unless it is a *Saturday, Sunday* or *legal holiday.* Based upon the statute and the rule, it is clear that the legislature and the Supreme Court were attempting to compensate for the closure of the clerk's office on these days. In this regard, the time limitation contained in I.C. § 45–510 is analogous to a statute of limitation. Kelso was prevented from perfecting his lien because the courthouse was closed. When one considers the purpose of the rule and the statute the only interpretation is that Rule 6(a) is applicable to I.C. § 45–510.

■ This interpretation permits the court clerk's office to be closed on Saturdays, Sundays and legal holidays without shortening the time established by the legislature within which the action must be filed. To hold otherwise, for all practical purposes, would result in a shortening of the statutory limitation period. Such a ruling in the case at bar would provide a period, within which the action must be commenced, of one day less than the six months specified in the statute. Therefore, we hold that I.R.C.P. 6(a) is applicable to the time computation of I.C. § 45–510. The last day falling on a Saturday, the time is carried over to the next business day, April 14, 1980, and the filing was timely.

The district court also relied on the Maine case of *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909 (Me.1972). That case, while containing facts remarkably similar to the case at bar represents the minority rule and is rejected by this court. The majority rule reflected above represents the better rule which will lead to a uniform method of determining time and will fulfill the liberal spirit of the rule.

The trial court held that Carpetmasters' failure to initiate its foreclosure action within the strictly computed six month time frame allowed by I.C. § 45–510 resulted in the expiration of the lien. The policy of the legislature as expressed in I.C. § 73–102 [2] is that the codes are to be liberally construed, with a view to effect their objects and to promote justice. This has been applied by this court to lien statutes in *Phillips v. Salmon River Min. Co.*, 9 Idaho 149, 72 P. 886 (1903); *Chief Industries, Inc. v. Schwendiman*, 99 Idaho 682, 587 P.2d 823 (1978); *Pierson v. Sewell*, 97 Idaho 38, 539 P.2d 590 (1975). To restrict Carpetmasters' time within which it must perfect to one day less than the six months in the statute would not be in keeping with the policy.

The judgment of the district court is reversed. Costs to appellant.

---

**2.** "73–102. Codes liberally construed.—The rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to these compiled laws. The compiled laws establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed, with a view to effect their objects and to promote justice."

In *Bellegarde Custom Kitchens,* the Maine court relied heavily on the language in the lien statute that "actions must be commenced within 90 days ... and not afterwards." Thus expressing the legislative intent that the statute is to be strictly construed. Idaho's statute does not contain that additional language and therefore the legislative intent expressed in I.C. § 73–102 controls.

BISTLINE and DONALDSON, JJ., and McQUADE, J. Pro Tem., concur.

SHEPARD, J., dissents without opinion.