**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36364 & 36365**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **2010 Opinion No. 31** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Filed: May 7, 2010** |
| **v.** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **JUSTIN W. GOODGION,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

In these consolidated cases, Justin W. Goodgion appeals from orders relinquishing jurisdiction, arguing that the district court abused its discretion in refusing to grant probation following periods of retained jurisdiction. We affirm.

**I.**

**BACKGROUND**

In the first of two cases, Goodgion was charged with rape, but pled guilty to one count of aggravated battery, Idaho Code §§ 18-907(a), 18-903. Following his plea, Goodgion was sentenced to a unified term of fifteen years, with a minimum period of confinement of five years. The district court retained jurisdiction for 180 days, and Goodgion was sent to begin the rider program.

While Goodgion was in the rider program, he was charged in a second case with two additional counts of statutory rape. I.C. § 18-6101(1). Goodgion pled guilty to one count, and

1

the remaining count was dismissed. The district court sentenced Goodgion to a unified term of twenty-five years, with a minimum period of confinement of ten years, to run concurrent with his aggravated battery sentence. Pursuant to the plea agreement, the district court retained jurisdiction in his second case and, after a brief period of probation, ordered that Goodgion serve an additional rider in his first case.

After Goodgion completed his concurrent riders, the jurisdictional review committee recommended relinquishment largely because Goodgion failed a disclosure polygraph while on the rider. The district court relinquished jurisdiction in both cases. However, the district court reduced Goodgion's sentence for statutory rape to a unified term of twenty-five years, with a minimum period of confinement of six years.

Goodgion appeals from the district court's orders relinquishing jurisdiction. On appeal, Goodgion asserts that the district court abused its discretion when it relinquished jurisdiction over him instead of placing him on probation. The state counters that because the district court did not enter an affirmative order extending its jurisdiction beyond 180 days within the 180 days of retaining jurisdiction, the district court's jurisdiction over Goodgion lapsed by operation of law on the 180th day, and everything the district court did thereafter was void.

## II.

## ANALYSIS

We begin by addressing the jurisdictional issue. On Monday, July 7, 2008, the district court granted Goodgion 180-day riders in both of his cases. On Monday, January 5, 2009, the district court held a review hearing. This was 182 days after Goodgion had been placed on his rider. However, the district court could not hold a review hearing on the 180th day, January 3, 2009, because it fell on a Saturday. At the review hearing, defense counsel requested that the district court extend its jurisdiction for an additional thirty days because the defense was in discussions with the prosecutor to allow Goodgion to take another polygraph in which he would be given use immunity against prosecution for anything disclosed in the polygraph. The prosecutor made no objection to this request for a thirty-day extension of the court's jurisdiction. The district court granted the request. On February 2, 2009, twenty-eight days after the district court entered its order extending its jurisdiction, and a total of 210 days after Goodgion had been placed on his concurrent riders, the district court resumed the review hearing and relinquished jurisdiction over Goodgion.

The state asserts that the district court was without jurisdiction when it ultimately decided to relinquish jurisdiction over Goodgion because the court did not take action within the initial 180-day statutorily authorized review period to extend jurisdiction. The statute authorizing a thirty-day extension of retained jurisdiction provides in relevant part:

> In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information *within* the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing *within* such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired.

Idaho Code § 19-2601(4) (emphasis added).

The critical question raised by the state's argument is what is the effect of the 180th day falling on a Saturday. Interestingly, I.C. § 73-109 provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded." The definition of holiday, for purposes of time computation, explicitly includes Sundays, but does not mention Saturdays. *See* I.C. § 73-108. Therefore, Idaho statutes are silent as to whether the time frame is properly extended to the following Monday when the last day in the period falls on a Saturday.

The Idaho Supreme Court has previously held that if the last day in a statutorily imposed time frame falls on a Saturday, it is extended to the next business day. *See Cather v. Kelso*, 103 Idaho 684, 652 P.2d 188 (1982). There, Kelso appealed the district court's decision that his lien was invalid because his claim had not been filed within the six-month period provided for the commencement of an action to foreclose on a materialmen's lien under I.C. § 45-510. Kelso argued that he was prevented from perfecting his lien because the last day of the time period fell on a Saturday and the courthouse was closed. Kelso further argued that the time computation standard for a statute of limitation as provided in Idaho Rule of Civil Procedure 6(a), applied to his lien by analogy. I.R.C.P. 6(a) provides in pertinent part: "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday . . . ." The Supreme Court examined Saturday's evolution from business day to non-business day as an explanation as to why Saturday was not included as a holiday for time computation purposes in I.C. § 73-108. It stated:

3

Since at least 1887, the adoption of revised statutes, up until 1941 the law in this state required that the various county offices, including "recorders offices" (clerk of the court) to be open for transactions of business from 9:00 a.m. to 5:00 p.m. everyday in the year except holidays. During that same period, statutes provided holidays included certain designated days of the year and every Sunday and days designated by the United States or the Governor. Similar statutes as to the definition of holidays are still a part of the statutes of this state. Rev.Stat. 1887 § 10, and I.C. § 73-108, last amended S.L.1977, Ch. 167, § 2, p. 431. Thus, up until 1941 at least, the courthouses were always open for business on Saturdays.

In 1941, the original provision, Rev.Stat. 1887 § 1882 (I.C. § 31-2009), was amended to provide that "the board of county commissioners may by order provide that on a Saturday they must keep [designated county offices] open for the transaction of business only from 9 o'clock a.m. till 12 o'clock noon. From 1941 to 1957 the county courthouses were open for business on Saturday morning. In 1957, the legislature amended I.C. § 31-2009 to provide that the county offices should remain open "on such days and during such hours as the boards of county commissioners may prescribe." That statute is the present law in the state today.

It is well recognized and subject to judicial notice that the county offices in this state are closed all day Saturday for the transaction of business. I.C. § 73-109 states, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last unless the last is a holiday and then it is also excluded." I.C. § 1-212 recognizes and confirms the inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho. The validity of this statute was recognized in *R.E.W. Constr. Co. v. District Court*, 88 Idaho 426, 400 P.2d 390 (1965). I.R.C.P. 6(a), quoted above, states that in a time computation the last day of the period is included unless it is a *Saturday, Sunday* or *legal holiday*. Based upon the statute and the rule, it is clear that the legislature and the Supreme Court were attempting to compensate for the closure of the clerk's office on these days. In this regard, the time limitation contained in I.C. § 45-510 is analogous to a statute of limitation.

*Cather*, 103 Idaho at 687-88, 652 P.2d at 191-92 (emphasis in original).

The Supreme Court ultimately concluded that the time limitation for the duration of a lien was analogous to that of a statute of limitation, as governed by I.R.C.P. 6(a), because to hold otherwise would result in a shortening of the statutory limitation period. *Id.* at 688, 652 P.2d at 192. Kelso's lien was held to have been perfected where the last day of the period in which to file his claim fell on a Saturday. It was proper to extend the period to Monday, the next business day. *Id.*

The Supreme Court in *Cather* applied I.R.C.P. 6(a) in the absence of statutory computation standards addressing the effect of the last day in which to take action falling on a

4

Saturday. It did so, noting the legislature recognized and confirmed the inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho. Applying the *Cather* rationale to the thirty-day extension of retained jurisdiction statute, we conclude that Idaho Criminal Rule 45(a)[1] is applicable to the time limitation prescribed in I.C. § 19-2601(4). Idaho Criminal Rule 45(a), like I.R.C.P. 6(a), excludes Saturdays in the computation of time periods. Therefore, considering the 180th day fell on a Saturday, the district court here was still within the initial 180-day period when it made the determination to extend retained jurisdiction an extra thirty days the following Monday. If we were to conclude otherwise it would, in effect, shorten the 180-day period to only 179 days and be inconsistent with the purpose of the statute. Accordingly, we conclude that the district court had jurisdiction when it ultimately decided to relinquish jurisdiction over Goodgion.

Having determined that the district court maintained jurisdiction over Goodgion's case, we next address his assertion that the district court abused its discretion when it relinquished jurisdiction. Although Goodgion failed to disclose an additional victim on a polygraph administered during his second period of retained jurisdiction, he argues he should have been placed on probation because he did not have any significant disciplinary issues while on his rider, and he completed his coursework. We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Goodgion argues that all of the relevant goals of sentencing could have been accomplished with probation. However, the record in this case shows that the district court considered all the information before it and properly determined that in light of Goodgion's failed polygraph, probation was not appropriate.

---

[1]    Idaho Criminal Rule 45(b)(1) also grants courts discretion to enlarge for good cause the time period when an act, other than the filing of a notice of appeal, is required or allowed to be done at or within a specified time, so long as the request is made before the expiration of the period originally prescribed or as extended by previous order.

### III.
### CONCLUSION

The district court maintained jurisdiction to rule on whether to place Goodgion on probation following his riders.  Goodgion, however, failed to show that the district court abused its discretion when it relinquished jurisdiction instead of placing him on probation.  The orders relinquishing jurisdiction are affirmed.

Chief Judge LANSING and Judge GRATTON, CONCUR.