## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 38919

PARKWEST HOMES, LLC, an Idaho
limited liability company,

    Plaintiff-Appellant,

v.

JULIE G. BARNSON, an unmarried
woman; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware corporation, as nominee for
HOMECOMINGS FINANCIAL, LLC aka
HOMECOMINGS FINANCIAL
NETWORK, INC.,

    Defendants,

and

RESIDENTIAL FUNDING REAL
ESTATE HOLDINGS, LLC, a Delaware
limited liability company,

    Intervenor-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2012 Term

2013 Opinion No. 50

Filed: April 18, 2013

Stephen W. Kenyon, Clerk

SUBSTITUTE OPINION, THE
COURT'S PRIOR OPINION DATED
FEBRUARY 4, 2013 IS HEREBY
WITHDRAWN

_____

Appeal from the district court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Bradley S. Ford, District Judge.

The decision of the district court is <u>affirmed</u>. Costs on appeal are awarded to Respondent.

Moffatt Thomas Barrett Rock & Fields, Chtd, Boise, attorneys for Appellant. Robert Burns argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, attorneys for Respondent. Geoffrey Wardle argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

This is an appeal from an order granting summary judgment in an action to foreclose a mechanic's lien by ParkWest Homes, LLC ("ParkWest") against Julie Barnson ("Barnson") and

1

Mortgage Electronic Services, Inc. ("MERS"). In *ParkWest Homes, LLC v. Barnson*, 149 Idaho 603, 238 P.3d 203 (2010) (hereinafter "*ParkWest I*"), this Court held that ParkWest's lien on the property was valid. After this Court's decision in *ParkWest I*, property encumbered by ParkWest's lien was conveyed to Residential Funding Real Estate Holdings, LLC ("Residential") via a trustee's sale conducted by First American. Residential intervened in this action and sought summary judgment. The district court dismissed MERS from the action and granted Residential summary judgment. It ruled that Residential took the property free and clear of ParkWest's lien on the property, because neither Residential nor its predecessors-in-interest were named in this action. ParkWest appeals the district court's grant of summary judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to the current action were described by this Court in *ParkWest I*:

On March 27, 2006, ParkWest Homes LLC and [Julie] Barnson both signed a written contract dated March 15, 2006, under which ParkWest agreed to construct a home on certain real property for $422,000. At the time that the parties negotiated and executed the contract, ParkWest was not registered under the Idaho Contractor Registration Act, Idaho Code §§ 54-5201 to 54-5212 (Contractor Act). On April 7, 2006, Barnson purchased the property upon which the home was to be built.

ParkWest registered under the Contractor Act on May 2, 2006; it commenced construction of the home on May 22, 2006; and it claims to have substantially completed construction on November 1, 2006. ParkWest and Barnson later had a dispute as to whether she had paid all sums due. On November 28, 2006, ParkWest recorded a mechanic's lien against the property, claiming that the sum of $189,117.99, plus interest, was due for labor and materials it furnished in constructing the home.

On November 14, 2006, two deeds of trust were recorded against the property. Mortgage Electronic Services, Inc., (MERS) is the beneficiary under both deeds of trust.

149 Idaho at 604–05, 238 P.3d at 204–05. In addition to MERS being named the beneficiary under the deed of trust, Transnation Title ("Transnation") was named the trustee. On June 28, 2007, First American was appointed the successor trustee.

On August 7, 2007, ParkWest filed an action to foreclose its lien. It named only Barnson and MERS as party-defendants. It did not name either Transnation, the original trustee, or First American, the successor trustee. On August, 13, 2007, ParkWest recorded a lis pendens with the Canyon County Recorder. On September 13, 2007, ParkWest recorded an amended lis pendens. On September 30, 2008, ParkWest and Barnson filed a Stipulation for Entry of Final Judgment. This stipulation enabled ParkWest to take immediate possession of the property, and in return

2

ParkWest agreed to release Barnson from any personal liability ("Barnson Judgment"); neither MERS nor First American was a party to this stipulation.

On October 2, 2008, MERS filed a motion for summary judgment arguing that ParkWest's mechanic's lien was void because ParkWest failed to comply with I.C. §§ 45-507, 45-525. *ParkWest I*, 149 Idaho at 605, 238 P.3d at 205. On October 6, 2008, ParkWest filed the Second Amended Complaint to Foreclose its lien. On October 7, 2008, the district court entered judgment against Barnson, which was recorded the same day. The Judgment against Barnson did not name Residential nor any of its predecessors-in-interest.

On January 26, 2009, the district court granted summary judgment in favor of MERS. ParkWest appealed the district court's order to this Court on March 9, 2009. On July 20, 2009, because of Barnson's default, the deed of trust was foreclosed by First American through a trustee's sale. First American conveyed the property to Residential through a Trustee's Deed.

In *ParkWest I*, decided on June 25, 2010, this Court reversed the district court's grant of summary judgment. *ParkWest I*, 149 Idaho at 609, 238 P.3d at 209. In that case, this Court decided that ParkWest adequately complied with I.C. § 45-507, and its lien was not lost under the Contractor Act. *Id.* ("Therefore, [ParkWest] is entitled to a lien on the property").

On September 14, 2010, ParkWest filed a third complaint to foreclose its lien. Again, it named only Barnson and MERS, and did not name Transnation, First American, or Residential. Residential intervened in the action on November 10, 2010. MERS sought to be dismissed by the district court on November 12, 2010. MERS no longer held any interest in the property, because the property was conveyed to Residential during a trustee's sale. The district court dismissed MERS in its decision dated February 16, 2011.

Residential sought summary judgment on November 17, 2010, claiming that ParkWest's lien was not valid against Residential, because ParkWest did not commence an action against Residential's predecessor-in-interest, First American, within six months of filing its lien pursuant to I.C. § 45-510. Because ParkWest failed to commence an action against First American, Residential maintained that it took the property free and clear of ParkWest's lien. The district court granted Residential's motion for summary judgment on February 16, 2011. Final judgment was entered in favor of Residential on March 1, 2011. After the district court disposed of post-judgment orders, ParkWest timely filed its Notice of Appeal on June 21, 2011.

### III. ISSUES ON APPEAL

1. Whether the "law of the case" doctrine forecloses additional challenges to the validity of a lien, when the party presently challenging the lien was not a party to the prior appeal.

2. Whether a lienor seeking to enforce a mechanic's lien against property encumbered by a deed of trust must name the trustee of the deed of trust within the period of time required by statute to give the lien effect against subsequent holders of legal title.

3. Whether ParkWest's judgment against Barnson, of which Residential had constructive notice, gives rise to any claim against the property.

## IV. STANDARD OF REVIEW

An appeal from summary judgment is reviewed under the same standard a district court uses when granting a motion for summary judgment. *A & J Const. Co., Inc. v. Wood*, 141 Idaho 682, 684, 116 P.3d 12, 14 (2005). Under Rule 56(c) of the Idaho Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the evidence reveals no disputed issues of material fact, then summary judgment should be granted. *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 718–19, 918 P.2d 583, 587–88 (1996). In making this determination, "all disputed facts are liberally construed in favor of the non-moving party." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). Circumstantial evidence can create a genuine issue of material fact. *Id.* Inferences that can reasonably be made from the record are made in favor of the non-moving party. *Id.* However, the non-moving party may not rest on a mere scintilla of evidence. *Id.* If the record raises neither a question of witness credibility nor requires weighing the evidence, then summary judgment should be granted. *Merrill v. Duffy Reed Constr. Co.*, 82 Idaho 410, 414, 353 P.2d 657, 659 (1960). "The moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

On review, the interpretation of a statute is an issue of law over which the Supreme Court exercises free review. *Idaho Fair Share v. Idaho Public Utilities Comm'n*, 113 Idaho 959, 961–62, 651 P.2d 107, 109–110 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991). Our primary function when interpreting a statute is to give effect to the legislative intent, which should be derived, where applicable, from the clearly expressed intent of the legislature. *Payette River Prop. Owners Ass'n v. Bd. of*

*Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 447, 453 (1999); *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990).

## V. DISCUSSION

### A.     The "Law of the Case" Doctrine.

The first issue is whether the "law of the case" doctrine forecloses additional challenges to the validity of a lien, when the party challenging the validity of the lien was not a party to the prior appeal. We hold it does not.

ParkWest argues that the district court erred when it ruled that the "law of the case" doctrine did not foreclose additional challenges to the validity of ParkWest's lien. ParkWest argues that the "law of the case" doctrine precludes any arguments that could have been raised in the earlier appeal. ParkWest contends Residential is bound by *ParkWest I*, because Residential had constructive notice of this action, and Residential has failed to demonstrate how its challenge to the validity of ParkWest's lien validity could not have been raised on appeal in *ParkWest I*.

Residential argues that the holding of this Court in *ParkWest I* does not preclude its challenge to the validity of ParkWest's lien, because *ParkWest I* did not rule that "the lien was valid for all purposes and immune from any other attack." Residential argues that this Court's holding that the lien was valid applies only to the specific issues raised in that appeal. Also, Residential maintains that it would not have been possible to raise these challenges in *ParkWest I*, because Residential did not intervene until after the appeal.

The district court ruled that the "law of the case" doctrine does not preclude Residential's challenges to ParkWest's lien, because this Court addressed four specific issues related to an earlier grant of summary judgment. It also ruled *ParkWest I* only dealt with the validity of ParkWest's lien with regard to four requirements of validity, and is not controlling on the other issues of lien validity or enforcement not addressed on appeal. The district court further ruled that Residential could not have raised these issues on appeal, because Residential was not a party in this action at that time.

This Court adheres to the "law of the case" doctrine, which we have articulated as follows:

> The doctrine of "law of the case" is well established in Idaho and provides that upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (internal citations omitted). "The 'law of the case' doctrine also prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009).

In the present appeal, the alleged error could not have been addressed at the time of *ParkWest I*, because Residential was not a party to that case. The law of the case only binds the parties to the appeal. *See Johnson v. Young*, 53 Idaho 271, 283, 23 P.2d 723, 728 (1932) (holding that the court's litigation of appellant's status as a taxpayer on appeal was the law of the case, "which governs us and the parties litigant"); *Vill. of Heyburn v. Sec. Sav. & Trust Co.*, 55 Idaho 732, 746, 49 P.2d 258, 264 (1935) (finding the law of the case governs "subsequent litigation between the same parties over the same issues"). This is a common rule across the country. *E.g. PG & E Corp. v. Pub. Util. Comm'n*, 118 Cal. App. 4th 1174, 1193, 13 Cal. Reptr. 3d 630, 643–44 (Cal. Ct. App. 2004); *State ex rel. Frazier & Oxley v. Cummings*, 591 S.E.2d 728, 739 n.15 (W.Va. 2003).

In *ParkWest I*, this Court determined that ParkWest's lien substantially complied with I.C. § 45-507 and that the lien was valid for labor and materials supplied after the contractor registered. 149 Idaho at 604, 138 P.3d at 204. But the issues addressed by this Court centered on whether ParkWest's lien adequately complied with relevant Idaho statutes. *Id.* After examining the substance, form, and structure of ParkWest's lien, this Court held that ParkWest was "entitled to a lien on the property." *Id.* That decision is only the law of the case between the parties involved in that appeal. Neither Residential nor its predecessors-in-interest were a party to that appeal.

Therefore, the "law of the case" doctrine does not preclude Residential's challenges to ParkWest's lien, and the district court did not err in holding that it did not preclude Residential's challenges to the validity of ParkWest's lien.

**B.     ParkWest Lost its Lien as Against Residential for Failing to Name the Trustee.**

We next turn our attention to whether a lienor seeking to enforce a mechanic's lien against property encumbered by a deed of trust must name the trustee of the deed of trust within the period of time required by statute to give effect to the mechanic's lien against subsequent holders of legal title. We hold that the lienor must.

ParkWest challenges the district court's ruling that because ParkWest failed to name Residential or its predecessors-in-interest, ParkWest's lien was not valid against Residential

6

under I.C. § 45-510. ParkWest acknowledges that with respect to First American, its lien was lost. But ParkWest qualifies the interest held by First American as mere legal title with the power of sale. All other interests, it argues were held by Barnson. ParkWest further argues that the mechanic's lien attached to the property from the date of the commencement of work, which was approximately six months before the MERS deed of trust was recorded.

Residential, however, argues that ParkWest's lien is not valid as to it, because ParkWest did not comply with I.C. § 45-510 requiring the lien claimant to commence an action against an interested party within six months. Failure to comply with these requirements, Residential argues, divests the court of jurisdiction to enforce the lien. Residential argues that because neither Residential nor its predecessors-in-interest were named in the action, the lien is not valid against unnamed parties. Residential additionally argues that Barnson's interest in the property, when she executed the deed of trust was good against all persons except Transnation as the original trustee under the deed of trust. Residential's argument follows that since First American succeeded Transnation as trustee and foreclosed on the Barnson deed of trust, Barnson was fully divested and the property was conveyed to Residential.

The district court ruled that I.C § 45-510 extinguishes a court's jurisdiction to enforce a mechanic's lien if an action is not brought to enforce it within six months. The district court further found that an action must be brought against all parties who hold an interest in the property. The district court ruled that Transnation was a necessary party to enforce the deed, because it held the power to convey legal title. It further held that both Residential and First American's interest in the property arose from Transnation, and were not named in this action; the lien, therefore, was not valid against Residential.

Idaho is a title theory state, whereby a deed of trust is a title-passing procedure. This Court extensively discussed this procedure in *Long v. Williams*, 105 Idaho 585, 587, 671 P.2d 1048, 1050 (1983). We noted that a deed of trust is effectively a mortgage with a power of sale, but as security for that mortgage, legal title passes to the trustee. *Id.* at 587–88, 671 P.2d at 650–51 When a deed of trust is executed and delivered, the legal title of the property passes to the trustee. I.C. § 45-1502(4); *Defendant A v. Idaho State Bar*, 132 Idaho 662, 665, 978 P.2d 222, 225 (1999).

A mechanic's lien is provided for by statute, and as a creature of statute, substantial compliance with that statute is required to perfect the lien. *Baker v. Boren*, 129 Idaho 885, 895, 934 P.2d 951, 961 (Ct. App. 1997). Idaho Code § 45-510 provides a court with jurisdiction to

enforce a lien when a lien is filed and an action commenced within six months. *Palmer v. Bradford*, 86 Idaho 395, 401, 388 P.2d 96, 99 (1963). However, even if an action is brought to enforce a lien within a six month period, it is lost against the interests of persons not named. *Willes v. Palmer*, 78 Idaho 104, 108, 298 P.2d 972, 975 (1956). Thus, in a foreclosure action, the action (1) must be timely brought under statute; and (2) must timely name the proper interested parties.

In *Palmer*, this Court held that a party must timely seek to enforce their lien, or it is lost. In that case, a husband and wife executed a mortgage on their property. R.M. Schaefer Lumber Company began construction of a house on property owned by husband and wife. It filed a mechanic's lien against the property for materials and services supplied. The mortgage company brought an action to foreclose on the property, filed a lis pendens, and named husband and wife as defendants. R.M Schaefer Lumber Company sought to foreclose its mechanic's lien claiming that it was prior in right to the mortgage. The district court held that the mechanic's lien was inferior to the mortgage. On appeal, this Court held that the mechanic's lien was entitled to priority over the mortgage, but an action to enforce the lien was not properly brought within six months, so it was lost. *Palmer*, 86 Idaho at 395–401, 388 P.2d at 96–99.

In *Willes*, this Court held that a party must timely name proper parties in a foreclosure action, or the lien is lost against the unnamed parties. In that case, the plaintiff furnished labor and materials for improvements to defendants' residence. The plaintiff then filed a claim of lien to secure the unpaid balance of this lien against Mr. Palmer, even though the deed to the property was in the name of Mr. Palmer and his wife. After the statutory six month period of time had run, the plaintiff sought to amend its complaint to add Mrs. Palmer as a defendant. This Court held that because Mrs. Palmer was not named in the complaint, the plaintiff's mechanic's lien was lost as to her interest in the property. *Willes*, 78 Idaho at 104–108, 298 P.2d at 972–975.

In light of this authority, because a mechanic's lien is lost as to any interest in property not named in a foreclosure action, we hold that a subsequent holder of legal title to property encumbered by a deed of trust and a mechanic's lien, takes the property free and clear of the mechanic's lien, where the lienor fails to name the trustee of the deed of trust in an action to enforce the mechanic's lien within the period of time required by statute. In other words, when seeking to foreclose a lien on property encumbered by a deed of trust, it is necessary to name the trustee who holds legal title to the property.

8

In the present matter, Transnation was the trustee of the deed of trust and held legal title to the property. Transnation's interest in the property was transferred to First American. First American's legal title was transferred to Residential through a trustee's sale. None of these parties were named by ParkWest. Because ParkWest failed to name the holder of legal title in its foreclosure action, its lien was lost against Residential.

Therefore, Residential took the property free and clear of ParkWest's mechanic's lien. The district court did not err in granting ParkWest summary judgment.

## C.     The Effect of the Default Judgment Against Barnson.

ParkWest also argues that "because the Barnson Judgment was recorded in October 2008, ParkWest held a judgment lien in the Property when Residential purchased it in July 2009." ParkWest relied on I.C. § 10-1110, which provides that from the time a judgment is recorded, "the judgment so recorded becomes a lien upon all real property of the judgment debtor in the county," in support of its contention that its default judgment should have priority over Residential's interest in the property. There is no dispute that Residential had constructive notice of ParkWest's judgment lien. The question before the Court is whether that lien has priority over Residential's interest in the property.

ParkWest's default judgment against Barnson was filed October 7, 2008, and recorded on October 9, 2008. Although the judgment was styled as a "Default Judgment Against Julie G. Barnson Only," the judgment was not against Barnson. Rather, the Judgment provided that "ParkWest shall have judgment against Barnson *to the extent of her interest in the Property, but not personally*, for the following amounts . . . ." (emphasis added). Although this language suggests that Barnson was not a "judgment debtor" for purposes of I.C. § 10-1110 because she was under no legal obligation to satisfy the judgment, we do not decide ParkWest's claim to priority on this basis. Rather, we simply apply the law governing the effect of a trustee's deed.

Barnson executed two deeds of trust against the property securing principal obligations of $337,600 and $42,200, respectively. The trust deeds were recorded on November 14, 2006. The notice of trustee's sale did not reference the second note and deed of trust. Instead, it reflected that Barnson had made no payments on the first note, that the principal sum of $337,600 and accrued interest were due and owing, and the beneficiary had elected to sell the property to satisfy the obligation. The sale took place on July 9, 2009. Residential was the high bidder at

9

$199,556.36.[1] After Residential paid that sum to the trustee, the trustee's deed to Residential was recorded on July 20, 2009.

Idaho Code § 45-1506(10)[2] provides as follows:

The trustee's deed *shall convey to the purchaser the interest in the property which the grantor had*, or had the power to convey, *at the time of the execution by him of the trust deed* together with any interest the grantor or his successors in interest acquired after the execution of such trust deed.

(Emphasis added). Thus, ParkWest's reliance on I.C. § 10-1110 in support of its assertion of priority of its October 9, 2008, judgment lien is without merit because Residential acquired Barnson's interest in the property as it existed on November 14, 2006, and any after-acquired interest.

### D. Attorney Fees.

Residential claims it is entitled to attorney fees pursuant to I.C. § 12-121 and Idaho Appellate Rule 41, and costs pursuant to Idaho Appellate Rule 40. However,

Idaho Code section 45-513 provides for the award of reasonable attorney fees in an action to foreclose a mechanic's lien. However, section 45-513 does not provide for the award of attorney fees on appeal, because the legislature deleted that provision from the statute prior to adopting it . . . . Therefore, because section 45-513 is a specific statute providing for the award of attorney fees in proceedings to foreclose a mechanic's lien, Idaho Code section 12-120(3) and 12-121, which are general statutes, do not apply.

*First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, No. 38407-2011, 2012 WL 4055357, at *6 (Idaho, Sept. 14, 2012) (internal citations omitted). Therefore, Residential is not entitled to attorney fees on appeal.

### VI. CONCLUSION

We hold that ParkWest's lien was lost as to Residential, because it failed to name any holders of legal title in its action to enforce the lien. The district court is therefore affirmed. Costs on appeal are awarded to Residential as the prevailing party, but Residential is not entitled to attorney fees on appeal.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.

---

[1] We acknowledge that Barnson had a residual interest to the property to the extent that she was entitled to any surplus from the trustee's sale by operation of I.C. § 45-1507(A). *Spencer v. Jameson*, 147 Idaho 497, 506–07, 211 P.3d 106, 115–16 (2009). ParkWest might well have had a claim, based upon the language in the default judgment, against any surplus. However, this sale did not result in a surplus.

[2] Idaho Code § 45-1506 has been amended since 2009. The language in subjection (10) has not changed.