J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion based on the fact that “Idaho is a title theory state, whereby a deed of trust is a title-passing procedure.” ParkWest Homes, LLC v. Barnson, 154 Idaho 678, 684, 302 P.3d 18, 24 (2013). This status is dictated by Idaho Code section 45-1502. The Legislature clearly provided that a trust deed conveys “legal title to real property” to the trustee. I.C. § 45-1502(3) and (4). The trustee retains legal title until the obligation secured by the deed of trust has been performed. I.C. § 45-1514. ACI and ITLA made excellent arguments for overruling our ParkWest holding that requires a trustee to be named as a party in a lien foreclosure proceeding. However, this Court is not a legislature and those excellent arguments must be addressed to the Legislature rather than to this Court. It appears that ACI acted reasonably here. It could not necessarily have anticipated our holding in ParkWest, which came after the six-month limitation period provided for in Idaho Code section 45-510 had already expired. ACI did due diligence by obtaining a litigation guaranty prior to commencing its foreclosure action and naming as parties those who were listed in the litigation guaranty. The result here is harsh from ACI’s standpoint but it may have some recourse through its litigation guaranty. On the broader question of whether trustees of trust deeds against real property involved in mechanic’s lien foreclosure actions must continue to be named as parties, the Legislature is the appropriate forum to seek an answer.