# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36246-2009

PARKWEST HOMES LLC, an Idaho )
limited liability company, )            Boise, June 2010 Term
                                        )
    Plaintiff-Appellant, )            2010 Opinion No. 68
                                        )
v. )                                    Filed: June 25, 2010
                                        )
JULIE G. BARNSON, an unmarried woman; ) Stephen W. Kenyon, Clerk
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., a )
Delaware corporation, as nominee for )
Homecomings Financial, LLC (f/k/a )
Homecomings Financial Network, Inc.), a )
Delaware limited liability company; and Does )
1-10, )
                                        )
    Defendants-Respondents. )

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Gordon W. Petrie, District Judge.

The judgment of the district court is <u>vacated</u>.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for appellant. Robert B. Burns argued.

Hawley Troxell Ennis & Hawley LLP, Boise, for respondent Mortgage Electronic Registration Systems, Inc. Ryan T. McFarland argued.

---

EISMANN, Chief Justice.

This is an appeal from a judgment dismissing an action to foreclose a mechanic's lien because: (a) the notice of lien did not substantially comply with the requirements of Idaho Code § 45-507, and (b) the construction contract was void because the contractor had not registered under the Idaho Contractor Registration Act before it negotiated and signed the contract. We hold that the claim of lien substantially complied with Idaho Code § 45-507 and that the lien was

valid for labor and materials supplied after the contractor registered. We therefore vacate the judgment of the district court and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On March 27, 2006, ParkWest Homes LLC and Juli Barnson both signed a written contract dated March 15, 2006, under which ParkWest agreed to construct a home on certain real property for $422,000. At the time that the parties negotiated and executed that contract, ParkWest was not registered under the Idaho Contractor Registration Act, Idaho Code §§ 54-5201 to 54-5219 (Contractor Act). On April 7, 2006, Barnson purchased the property upon which the home was to be built.

ParkWest registered under the Contractor Act on May 2, 2006; it commenced construction of the home on May 22, 2006; and it claims to have substantially completed construction on November 1, 2006. ParkWest and Barnson later had a dispute as to whether she had paid all sums due. On November 28, 2006, ParkWest recorded a mechanic's lien against the property, claiming that the sum of $189,117.99, plus interest, was due for labor and materials it furnished in constructing the home.

On November 14, 2006, two deeds of trust were recorded against the property. Mortgage Electronic Registration Services, Inc., (MERS) is the beneficiary under both deeds of trust.

On August 7, 2007, ParkWest filed this action to foreclose its lien. On October 2, 2008, MERS filed a motion for summary judgment contending that ParkWest's asserted lien was void because: (a) the claim of lien did not substantially comply with Idaho Code § 45-507; (b) ParkWest was not registered under the Contractor Act when it entered into the construction contract; and (c) prior to contracting with Barnson ParkWest had failed to provide her with the disclosures required by Idaho Code § 45-525.

The district court held that ParkWest did not have a mechanic's lien because its claim of lien was defective and the construction contract was void. It entered judgment in favor of MERS holding that its deeds of trust were superior to ParkWest's mechanic's lien. ParkWest then timely appealed.

2

## II. ISSUES ON APPEAL

(1) Did the district court err in holding that ParkWest's claim of lien did not substantially comply with Idaho Code § 45-507?

(2) Did the district court err in holding that ParkWest's claimed lien was unenforceable because the construction contract was void for failure to comply with the Contractor's Act?

(3) Did the district court err in holding that ParkWest did not plead a claim for unjust enrichment?

(4) Is MERS entitled to an award of attorney fees on appeal?


## III. ANALYSIS

During oral argument, ParkWest contended that MERS does not have standing in this case based upon a decision in an unrelated bankruptcy case holding that MERS did not have standing to assign a promissory note merely because it was the "nominal beneficiary" under the deed of trust securing that note. That decision has nothing to do with this case. ParkWest has alleged that MERS is the beneficiary under two deeds of trust and that ParkWest's mechanic's lien has priority over those deeds of trust. There is no contention that MERS attempted to assign any promissory note or to foreclose the deeds of trust.


**A. Did the District Court Err in Holding that ParkWest's Claim of Lien Did Not Substantially Comply with Idaho Code § 45-507?**

Idaho Code § 45-501 declares that "[e]very person performing labor upon, or furnishing materials to be used in the construction . . . of any . . . building . . . has a lien upon the same for the work or labor done." Any person claiming a lien under that statute must file a claim of lien in the office of the county recorder for the county in which the property or some part of it is situated. I.C. § 45-507. The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted, and to create a valid lien the claimant must substantially comply with the statutory requirements. *BMC West. Corp. v. Horkley*, 144 Idaho 890, 893-94, 174 P.3d 399, 402-03 (2007).

**1. Failure to allege that the amount claimed was determined after deducting all just credits and offsets.** Idaho Code § 45-507(3) includes a requirement that the claim of lien must contain "[a] statement of [claimant's] demand, after deducting all just credits and offsets." In

this case, ParkWest's claim of lien stated, "The sum of One hundred and eighty-nine thousand one hundred and seventeen dollars and ninety-nine cents ($189,117.99) together with interest calculated at the rate of Eighteen percent per year from November 1, 2006 is due claimant for the following labor and material furnished by claimant." In its lien claim, ParkWest did not state that all just credits and offsets had been deducted in arriving at the amount claimed. The district court held, "There exists no 'substantial compliance,' if for no other reason, there exists no 'statement of his demand, after deducting all just credits and offsets.'"

Idaho Code § 45-507(3) does not require that the claimant allege that all just credits and offsets have been deducted when calculating the amount claimed. It simply states: "The claim shall contain: (a) A statement of [claimant's] demand, after deducting all just credits and offsets." Thus, the claimant is required to deduct all just credits and offsets when determining the amount of the claim, but is not required to allege that such deductions were made.

A lien is not invalidated simply because the claimant is not entitled to the amount claimed due in the claim of lien, *Barber v. Honorof*, 116 Idaho 767, 769, 780 P.2d 89, 91 (1989); *Guyman v. Anderson*, 75 Idaho 294, 296, 271 P.2d 1020, 1021 (1954), even when the discrepancy is substantial, *Electrical Wholesale Supply Co. v. Nielson*, 136 Idaho 814, 824-25, 41 P.3d 242, 252-53 (2001) (lien held valid where claim of lien demanded $51,571.00, and only $1,069.2 was found to be due). If an error in the amount of the claim does not invalidate the lien, it would be incongruous to read into Idaho Code § 45-507(3) a provision invalidating the lien if the claimant does not state that all just credits and offsets had been deducted when calculating the amount of the demand.

**2. Failing to state that the amount claimed was just.** Idaho Code § 45-507(4) states that the claim of lien must be verified "to the effect that the affiant believes the same to be just." ParkWest's claim of lien stated, "I have read said mechanic's lien and know the contents thereof; the same is true of my knowledge." The district court held that the use of the word "true" instead of "just" rendered the lien invalid.

The purpose of this verification requirement is "a desire to frustrate the filing of frivolous claims." *Layrite Products Co. v. Lux*, 86 Idaho 477, 484-85, 388 P.2d 105, 109 (1964). The word "just" is defined as "[v]alid within the law; lawful: *just claims*," and the word "true" is defined as "exact; precise; accurate; correct: *a true balance.*" Dictionary.com. *The American Heritage Dictionary of the English Language, Fourth Edition*. Houghton Mifflin Company, 2004

4

(accessed June 14, 2010); and Dictionary.com. *Dictionary.com Unabridged*. Random House, Inc. (accessed June 14, 2010) (italics in originals).  The district court did not seek to explain how, in this context, the word "true" differed materially from the word "just."  ParkWest's statement that the claim of lien was "true" substantially complied with Idaho Code § 45-507(4).

**3.  The failure to have a certificate of verification in the form set forth in Idaho Code § 51-109(4).**  Idaho Code § 45-507(4) states that the claim of lien "must be verified by the oath of the claimant, his agent or attorney."  The bottom portion of ParkWest's lien claim stated as follows:

ParkWest Homes                David Zawadzki_____
Company Name                 Authorized Representative of Said Company

VERIFICATION:
I, the undersigned, say: I am the Authorized Representative of the claimant of the foregoing mechanic's lien; I have read said mechanic's lien and know the contents thereof; the same is true of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this    28th    day of  November   , 2006, at Nampa, Idaho.

    */s/* David M. Zawadzki_____
Signature

WITNESS the hands and seal of said Grantors this   28th   day of  November  , 2006 .

I     [notary's name]_____, a Notary Public in and for said County and State, hereby certify that   David M. Zawadzki   personally known to me (or proved to me on the basis on satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same voluntarily on the day the same bears date.

[NOTARY SEAL]

WITNESS my hand and official seal.

County of   Canyon               State of  Idaho_____

Signed and sworn to before me this   28th   day  of   November   2006_

[NOTARY SEAL]                 /s/ [notary's signature]___
                                     Notary Public

My Commission Expires

ParkWest used the shotgun approach in attempting to have its claim of lien verified by oath. In the portion of its lien claim entitled "Verification," ParkWest first included a signed statement by its agent David Zawadzki stating, "I declare under penalty of perjury that the foregoing is true and correct." Although some states have a statute making that type of signed statement the equivalent of an oath, *see* Cal. Code Civil Proc. Ann. § 2015.5, Idaho does not have such a statute.

Next, ParkWest included a certificate of acknowledgement stating that Zawadzki signed the claim of lien as "Grantors." An acknowledgment is not required in order for a claim of lien to be recorded, *In re GVR Ltd. Co., Inc.*, 107 Idaho 1101, 695 P.2d 1240 (1985), nor is an acknowledgment a verification by oath, *Evans v. Twin Falls County*, 118 Idaho 210, 219, 796 P.2d 87, 95 n.9 (1990).

Finally, ParkWest included a statement signed by the notary that the claim of lien had been "[s]igned and sworn to before me [the notary]" on November 28, 2006. This is the form of a written oath set forth in Idaho Code § 51-109(2).[1]

MERS argued, and the district court held, that section 45-507(4) required a certificate of verification as set forth in Idaho Code § 51-109(4) and that ParkWest's claim of lien did not comply with that statute.[2] Neither the district court nor MERS has pointed to any information

---

[1] Section 51-109(2) provides:

> An oath or affirmation, which is in writing, shall be signed by the person who takes it, and the notary public shall enter thereunder substantially the following:
> "State of Idaho     )
>                     ) ss.
> County of _____)
> Subscribed and sworn (or affirmed) before me this ___ day of _____, ____.
>                     _____ (official signature and seal)"

[2] Section 51-109(4) provides:

> A certificate of verification of an instrument shall follow the maker's signature and shall identify the notary public and certify that the maker personally appeared, was sworn, stated his authority for making the instrument, and averred the truth of the statements therein. For example, the verification of a corporate document by an officer of the corporation should be in substantially the following form:
> "State of Idaho          )
>                          )ss.
> County of _____     )

contained in Idaho Code § 51-109(4) that is not included in the portion of ParkWest's lien claim entitled "Verfication." The asserted failing was apparently simply that no single portion of ParkWest's claim of lien complied with Idaho Code § 51-109(4).

We have not required that a claim of lien comply with Idaho Code § 51-109(4). In fact, we have approved a claim of lien that did not comply with that statute. It requires that the "certificate of verification of an instrument shall follow the maker's signature." In *BMC West Corp. v. Horkley*, 144 Idaho 890, 896-97, 174 P.3d 399, 405-06 (2007), we held that the signature of the affiant was not required for the claim of lien to be valid.

Idaho Code § 45-507(4) requires that a claim of lien "must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." The word "verification" is defined as "a 'formal declaration made in the presence of an authorized officer, such as a notary public. . . .'" *Id.* at 897, 174 P.3d at 406 (quoting Black's Law Dictionary (8th ed.2004). ParkWest's lien claim stated that it was "[s]igned and sworn to before me [the notary]" on November 28, 2006. That is sufficient to be "verified by the oath of" ParkWest's agent.

**B. Did the District Court Err in Holding that ParkWest's Claimed Lien Was Unenforceable Because the Construction Contract Was Void?**

At the time ParkWest negotiated and signed the construction contract, it was not registered under the Contractor Act. That Act provides, "On and after January 1, 2006, it shall be unlawful for any person to engage in the business of, or hold himself out as, a contractor within this state without being registered as required in this chapter." Idaho Code § 54-5204. MERS relies upon *Barry v. Pacific West Construction, Inc.*, 140 Idaho 827, 832, 103 P.3d 440, 445 (2004), in which this Court *sua sponte* held a contract between the general contractor and a subcontractor on a public works project was void for the failure of the subcontractor to have a public works license as required by law and urges the same result here.

---

I, _____, a notary public, do hereby certify that on this ___ day of _____, ____, personally appeared before me_____, who, being by me first duly sworn, declared that he is the _____ of _____, that he signed the foregoing document as _____ of the corporation, and that the statements therein contained are true.

_____ (official signature and seal)"

7

ParkWest contends that the district court erred in *sua sponte* raising the issue of the illegality of the construction contract. The district court did not err in *sua sponte* raising that issue. In *Barry* we held that "this Court has a duty to raise the issue of illegality," *id.*, and the district court had the same duty.

ParkWest does not challenge the district court's holding that the construction contract was void because ParkWest was not registered at the time it signed the contract. Rather, it argues that after it registered on May 2, 2006, Barnson ratified the construction contract. That issue was not presented to the district court, and so we will not consider it on appeal. *Lopez v. Farm Bureau Mut. Ins. Co. of Idaho,* 148 Idaho 515, 519, 224 P.3d 1104, 1108 (2010). Had ParkWest wanted the district court to consider that issue before the appeal, ParkWest could have filed a motion for reconsideration.

The district court also implicitly held that ParkWest's lien was void because its construction contract was void. Citing Idaho Code § 54-5208, MERS agrees. That statute states, insofar as is relevant, "A contractor who is not registered as set forth in this chapter, unless otherwise exempt, shall be denied and shall be deemed to have conclusively waived any right to place a lien upon real property as provided for in chapter 5, title 45, Idaho Code." This statute does not invalidate or waive ParkWest's lien.

A mechanic's lien is granted for "the work or labor done . . . or materials furnished." Idaho Code § 45-501. It is not granted simply for entering into a construction contract. Idaho Code § 54-5208 is written in the present tense. It states, "A contractor who *is not registered* as set forth in this chapter . . . ." (Emphasis added). Thus, the contractor is denied a lien for work or labor done or materials furnished in the construction during the period that the contractor is not registered. Although work done by ParkWest while unregistered was illegal, work done after it registered was certainly legal. *See Farrell v. Whiteman*, 146 Idaho 604, 611, 200 P.3d 1153, 1160 (2009) (work performed while an architect was unlicensed was illegal, but work performed after he was licensed was legal). This construction is consistent with Idaho Code § 54-5217(2) (emphasis added) which provides:

> No person engaged in the business or acting in the capacity of a contractor, unless otherwise exempt, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which registration is required by this chapter without alleging and proving that he was a duly registered contractor, or that he was otherwise

8

exempt as provided for in this chapter, *at all times during the performance of such act or contract.*

In order to bring an action to collect compensation for work or labor performed and materials supplied in a construction project, the contractor must allege and prove that he was a duly registered contractor or exempt from registration "at all times during the performance of such act or contract." Thus, ParkWest is entitled to a lien for work or labor it provided and materials it supplied during the time that it was duly registered. To hold otherwise would mean that a contractor who violated the Act would be forever barred from obtaining a mechanic's lien.

In this case, the uncontroverted evidence was that ParkWest was registered under the Contractor Act at all times during the period that it furnished work or labor or supplied materials in constructing Barnson's house. Therefore, it is entitled to a lien on the property.

**C. Did the District Court Err in Holding that ParkWest Did Not Allege a Claim for Unjust Enrichment?**

In its decision, the district court wrote, "At the very least, PARKWEST should have been entitled to a recovery based upon unjust enrichment. Nevertheless, that issue is not before the court." (Citation omitted.) ParkWest contends on appeal that the district court erred in ruling that the factual allegations in ParkWest's "Second Amended Complaint to Foreclose Lien" did not include a claim for unjust enrichment.

Because it had ruled the lien invalid, the district court obviously was referring to a claim to recover money damages against Barnson for unjust enrichment. It obviously was not holding that although the lien was invalid, ParkWest could have established the amount of the lien by showing that Barnson had been unjustly enriched.

ParkWest and Barnson entered into a settlement under which ParkWest filed a second amended complaint and Barnson permitted it to obtain a default judgment against her on that complaint. The judgment awarded ParkWest the sum of $141,208.39, plus interest and $33,000.00 for costs and attorney fees "against Barnson to the extent of her interest in the Property, but not personally." Thus, under the settlement Barnson would not be personally liable to ParkWest on any claim, including unjust enrichment. Therefore, we need not decide whether or not ParkWest's second amended complaint could be read to include a claim against Barnson for unjust enrichment. Because the district court did not decide, and ParkWest has not argued on

9

appeal, that the amount of its lien could be measured by unjust enrichment, we do not address that issue.

**D.  Is MERS Entitled to an Award of Attorney Fees on Appeal?**

MERS seeks an award of attorney fees on appeal pursuant to *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999).  In that case, this Court awarded attorney fees on appeal pursuant to Idaho Code § 12-121.  Because MERS is not the prevailing party on this appeal, it is not entitled to an award of attorney fees under that statute.  *Triad Leasing & Financial, Inc. v. Rocky Mountain Rogues, Inc.*, 148 Idaho 503, 515, 224 P.3d 1092, 1104 (2009).

## IV.  CONCLUSION

We vacate the judgment of the district court and remand this case for further proceedings that are consistent with this opinion.  We award costs on appeal to appellant.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.