IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38407-2011

| | | |
|---|---|---|
| FIRST FEDERAL SAVINGS BANK OF TWIN FALLS, | ) ) | Boise, August 2012 Term |
| | ) | |
| Plaintiff-Appellant, | ) | 2012 Opinion No. 120 |
| | ) | |
| v. | ) | Filed: September 14, 2012 |
| | ) | |
| RIEDESEL ENGINEERING, INC., an Idaho Corporation, | ) ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAGE ENTERPRISES, INC., and TITAN COMMERCIAL CONTRACTORS, INC., as successor by merger to PAGE ENTERPRISES, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Twin Falls County. The Hon. Randy J. Stoker, District Judge.

The judgment of the district court is reversed.

Charles A. Homer; Holden, Kidwell, Hahn & Crapo; Idaho Falls; argued for appellant.

David W. Gadd; Worst, Fitzgerald & Stover; Twin Falls; argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Twin Falls County from a judgment holding that a mechanic's lien had priority over a mortgage. The judgment was predicated upon the district court's refusal to permit the mortgagee to withdraw an admission made in open court by its counsel that the mechanic's lien was valid. We reverse the district court and hold that the mechanic's lien was

invalid because the lien does not show that it was verified before a person entitled to administer oaths.

## I.

## Factual Background.

In 2006, Page Enterprises, Inc., began development of a subdivision on certain real property located in Twin Falls County. It retained Riedesel Engineering, Inc. (Claimant), to perform engineering services in connection with the development, and Claimant commenced work on June 29, 2006.

On August 24, 2006, Page Enterprises granted First Federal Savings Bank of Twin Falls (Lender) a mortgage in the real property to secure the payment of a promissory note in the principal sum of $715,162.00, plus interest. Lender recorded the mortgage on the same day.

On May 11, 2007, Claimant recorded a claim of lien against the real property in the sum of $87,801.23. The claim stated that Claimant began performing labor and providing materials on June 29, 2006, and ceased doing so on August 30, 2008.

On September 12, 2007, Page Enterprises granted Lender a second mortgage in the real property to secure payment of a promissory note in the sum of $1,128,187.00. A portion of that sum was used to pay Claimant. That mortgage was recorded the following day. Also recorded on September 13th were a "Release of Claim of Lien" and a "Lien Waiver," both executed by Claimant and dated August 28, 2007. The release stated that the claim of lien recorded on May 11, 2007, "is hereby released and satisfied in full, as to the [real] property." The waiver stated that for the sum of $84,963.11, Claimant "hereby waives and relinquishes any liens or rights to liens for all labor, work, material, machinery or fixtures provided by the undersigned prior to the date hereof for use at [the real property]." It further stated that the waiver was "an absolute waiver and release of all liens and rights to liens of the undersigned for all labor, work, material, machinery, or fixtures provided prior to this date whether or not the undersigned has been paid in full to such date."

On December 27, 2007, Page Enterprises merged with Titan Commercial Contractors, Inc., and in connection with that merger Page Enterprises quitclaimed the real property to Titan. On October 27, 2008, Claimant filed a second claim of lien against the real property. It asserted

that $48,549.58, plus interest, was due and owing under the contract for engineering services that were completed on March 26, 2006.[1]

On January 26, 2009, Lender filed this action to foreclose its two mortgages. It named as defendants Page Enterprises, Inc.; Titan Commercial Contractors, Inc.; and Claimant. Page Enterprises did not answer or otherwise defend this action, and on March 6, 2009, default was entered against it. On April 6, 2009, Claimant filed a counterclaim, cross-claim and third-party claim seeking to foreclose its lien filed on October 27, 2008.

On April 27, 2009, Lender moved for summary judgment. With respect to its cause of action against Claimant, Lender argued that Claimant had waived its first lien and that the mortgages had priority to its second lien.

On May 7, 2009, Lender filed a notice that Titan Commercial Contractors, Inc., had filed a petition in bankruptcy on April 9, 2009. On October 15, 2009, the bankruptcy court released the real property from the automatic stay imposed by 11 U.S.C. § 362(a). On October 22, 2009, Lender filed an amended motion for summary judgment stating that it was seeking only to foreclose its mortgages and was not seeking any relief personally against Page Enterprises, Inc., and Titan Commercial Contractors, Inc. Claimant filed a motion for summary judgment on November 9, 2009.

Oral argument on the motions for summary judgment was held on January 11, 2010. During the argument on the motions, the district court asked Lender's counsel whether there was any dispute as to whether Claimant's lien was valid, and Lender's counsel stated that Lender was only challenging the priority of the lien and did not challenge the validity of the lien. The dialogue was as follows:

> THE COURT: With regard to Riedesel's claim for a lien, regardless of priority, is there any dispute that they do in fact have a lien on this property? Now whether it's prior to First Federal's or subsequent to First Federal's is of course the issue, but is there any dispute that they are entitled to a judgment for $48,000?
>
> MR. RITCHIE: No, Your Honor. We named them as a defendant in our original pleadings because they show up as a lienholder in the litigation guarantee and we do not have any argument with the validity of their—
>
> THE COURT: Claim.

---

[1] When Claimant's representative filled out the lien form, he mistakenly wrote "2006" rather than "2007."

MR. RITCHIE: —October 27, 2008 lien. We don't claim that it wasn't properly filed or signed or notarized or anything else, no. We think it is a valid lien.

On January 25, 2010, the district court issued its memorandum decision on the motions for summary judgment. The court held that: (a) the action to foreclose Claimant's second lien was timely under Idaho Code section 45-510; (b) the priority date of Claimant's second lien related back to when it first began work on the development; and (c) Claimant's second lien had priority over Lender's mortgages unless Lender could prove its affirmative defense of quasi-estoppel. The court therefore denied Lender's motion for summary judgment insofar as it sought a ruling that its mortgages were entitled to priority over Claimant's lien, and it denied Claimant's motion seeking a determination that its lien was entitled to priority over Lender's mortgages. The court ruled that the issue of quasi-estoppel would be set for trial.

Lender was represented by the firm of Coleman, Ritchie & Robertson. On March 3, 2010, the firm of Hawley Troxell Ennis & Hawley, LLP, substituted in as counsel for Lender.

On March 10, 2010, Lender again moved for summary judgment, this time challenging the validity of Claimant's lien on the ground that it was not verified by the oath of the claimant as required by Idaho Code section 45-507. That motion was heard on April 19, 2010, and on April 22, 2010, it entered an order denying the motion. The court ruled that during the hearing on January 11, 2009, Lender's counsel had waived the issue of the validity of the lien and that it was bound by that waiver.

On May 3, 2010, Lender filed a motion pursuant to Rule 60(b)(1) seeking to withdraw its admission that the lien was valid and to have the court reconsider its decisions on the motions for summary judgment. The district court heard that motion on May 17, 2010. It denied the motion, on the ground that Lender should not be permitted to change its position regarding the validity of the lien. On November 18, 2010, the court entered a judgment holding, among other things, that Claimant had a valid lien in the real property securing the sum of $107,311.65 for principal, accrued interest, court costs and attorney's fees; that Claimant's lien was superior to Lender's liens; and that the real property would be sold to pay the liens according to their priorities. Lender then timely appealed.

4

## II.

## Did the District Court Abuse Its Discretion in Refusing to Permit
## Lender to Withdraw the Admission that Claimant's Lien Was Valid?

On April 27, 2009, Lender moved for summary judgment, contending that as a result of the "Release of Claim of Lien" and a "Lien Waiver" signed by Claimant and recorded on September 13, 2007, any subsequent lien filed by Claimant had a priority date after that date. On November 9, 2009, Claimant also moved for summary judgment, seeking to foreclose its lien and have it declared to have priority over the liens of the other parties. During oral argument on those motions on January 22, 2010, Lender's counsel admitted in open court that Claimant's lien was valid. In its memorandum opinion filed three days later, the district court held that the priority date of Claimant's lien was not affected by the release and lien waiver and that Claimant's lien had priority over Lender's mortgages. After changing counsel, Lender moved for summary judgment on March 10, 2010, contending that Claimant's lien was invalid. During the oral argument on April 19, 2010, the district court held that Lender had waived its right to challenge the validity of the lien. The court stated, "And in this case, the representations were made that the lien in this case was valid, so I think First Federal is stuck with that position." It therefore denied Lender's second motion for summary judgment. On May 3, 2010, Lender moved to withdraw its admission that Claimant's lien was valid. The district court denied the motion, stating: "Once a course of litigation has been changed by an acknowledgement of counsel, I think under the circumstances of this case that that position has to be respected. . . . I am not going to reverse myself. I will stand with the ruling that I made."

In deciding on appeal whether a lower court has abused its discretion, we inquire: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason." In this case, the district court recognized that its decision was discretionary. The issue is whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices.

Lender's request to withdraw the admission of its counsel that Claimant's lien was valid is conceptually no different from a motion to withdraw an admission made under Rule 36 of the

Idaho Rules of Civil Procedure.[2]  Rule 36(b) states that "the court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits."  The two factors considered under Rule 36(b) are whether presentation of the merits will be promoted by granting the motion to amend or withdraw the admission and whether the opposing party has failed to show prejudice in maintaining an action or defense.

In *Quiring v. Quiring*, 130 Idaho 560, 944 P.2d 695 (1997), the plaintiff appealed the decision of the trial court permitting the defendant to introduce evidence that contradicted the plaintiff's requests for admissions that were deemed admitted pursuant to Rule 36(a) because the defendant had not timely denied them.  In upholding the trial court, we held that "presentation of the merits was promoted by admitting testimony to contradict the untimely denied Requests for Admission," *id*. at 564, 944 P.2d at 699, and that the plaintiff had failed to show prejudice because he "has failed to carry his burden of showing that he would be faced with difficulty in proving his case due to unavailability of key witnesses or any other commensurate burden," *id*. at 565, 944 P2d at 700.

In the instant case, permitting Lender to withdraw the admission made by its counsel would promote "the overriding policy to have issues between litigants decided on the merits." *Bauscher Grain v. Nat'l Sur. Corp*., 92 Idaho 229, 231, 440 P.2d 349, 351 (1968).  There was no contention that Claimant would be prejudiced by permitting Lender to withdraw the admission made by its prior counsel.  There was likewise no contention that withdrawing the admission would cause undue delay or require additional discovery or witnesses in violation of a scheduling order.  The case was not yet set for trial, and the parties admitted during oral argument on appeal that the issue of the validity of the lien was simply a legal issue that could be decided without additional evidence.

In denying Lender's request to withdraw the admission, the district court stated, "Once a course of litigation has been changed by an acknowledgement of counsel, I think under the

---

[2] At the hearing on April 19, 2010, the district court stated that Lender had "waived" the right to assert that the lien was invalid.  At the hearing on May 17, 2010, the district court stated:  "We can call this an admission.  We can call it a stipulation.  We can call it what we want to call it.  I think I characterized it previously that First Federal had simply waived their position."  The district court is correct that the characterization as an admission, a stipulation, or a waiver is irrelevant in the evaluation.

circumstances of this case that that position has to be respected." The fact that raising the issue of the validity of the lien would change the course of the litigation or require additional briefing and argument is not a proper reason for denying the request. For example, in *Spur Products Corp. v. Stoel Rives LLP*, 142 Idaho 41, 122 P.3d 300 (2005), the trial court denied the plaintiff's request to amend its complaint to add a new cause of action on the ground that it " 'would have the effect of changing the focus of [a] lawsuit that ha[d] been actively litigated for over two years.' " *Id.* at 45, 122 P.3d at 304. We held that the district court abused its discretion in denying the motion. In *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 561 P.2d 1299 (1977), the court granted summary judgment dismissing the complaints, but allowed the plaintiffs to amend their complaints to allege a new cause of action against one of the defendants. That defendant appealed the adverse jury verdict, contending that the district court abused its discretion by allowing the plaintiffs to assert a new cause of action after the defendant had been granted summary judgment dismissing their complaints. We affirmed the district court, quoting from *Foman v. Davis*, 371 U.S. 178 (1962), for the proposition that the plaintiff "ought to be afforded an opportunity to test his claim on the merits" in the absence of "undue prejudice to the opposing party by virtue of allowance of the amendment." *Smith*, 98 Idaho at 272, 561 P.2d at 1305. Likewise, in *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 993 P.2d 1197 (1999), the trial court denied a motion to amend the complaint in order to add three additional parties and a new cause of action on the ground that the motion was untimely, having been filed "nearly one year after the filing of the original complaint." *Id.* at 871, 993 P.2d at 1202. We ruled that "[t]he time between filing the original complaint and the amended complaint is not decisive" and that "timeliness is important in view of the *Foman* factors such as undue delay, bad faith, and prejudice to the opponent." *Id.* We held that the trial court abused its discretion by not applying the correct standards because it did not consider whether the amendment would cause undue delay or would prejudice the defendants. *Id.* at 872, 993 P.2d at 1203.[3] Similarly, on a motion for reconsideration under Rule 11(a)(2), "the court must consider any new admissible evidence or authority bearing on the correctness of an interlocutory order," *Fragnella v. Petrovich*, 153 Idaho 266, ___, 281 P.3d 103, 113 (2012), and it must consider new arguments or issues raised regarding the correctness of the interlocutory order.

---

[3] The proposed amendment did not violate a pretrial order setting forth a deadline for amending pleadings. *See Maroun v. Wyreless Systems, Inc.*, 141 Idaho 604, 612-13, 114 P.3d 974, 982-83 (2005).

There was no contention that Lender's delay in raising the issue of the validity of the lien was due to bad faith or would cause undue delay, nor is there any contention that Claimant would be prejudiced. The district court abused its discretion in denying the motion to set aside the admission.

**III.**

**Is Claimant's Lien Valid?**

Because of its refusal to set aside the admission, the district court did not address the validity of Claimant's lien. Although we would not usually decide issues not addressed by the trial court, in this case the parties have briefed and argued the validity of the lien on appeal and have admitted that resolution of the issue involves only an issue of law and not any issue of fact. Therefore, we will resolve it.

"The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted, and to create a valid lien the claimant must substantially comply with the statutory requirements." *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 605, 238 P.3d 203, 205 (2010). Idaho Code section 45-507(4) states that a claim of lien "must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just." A verification is "a 'formal declaration made in the presence of an authorized officer, such as a notary public. . . .' " *BMC West Corp. v. Horkley*, 144 Idaho 890, 897, 174 P.3d 399, 406 (2007) (quoting Black's Law Dictionary (8th ed. 2004)). An acknowledgement is not a verification by oath. *ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207.

In this case, the claim of lien did not have a verification; it had an acknowledgment. It stated as follows:

On this 23rd day of October, 2008, before me, a Notary Public for the State of Idaho personally appeared AARON L. WERT, known or identified to me, to be the Secretary-Treasurer of RIEDESEL ENGINEERING, INC., and the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

[Notary Seal]                      /s/ Karolee Sorenson
                                   NOTARY PUBLIC FOR IDAHO
                                   Residing at   Twin Falls    ID
                                   My commission expires 6 \ 21\ 2010

8

Claimant argues that this should substantially comply with the requirement that the claim of lien be verified by the oath of the claimant because the statement signed by Mr. Wert began, "I, AARON L. WERT, being first duly sworn, depose and say . . . ."[4] That statement is not sufficient because it does not state that Mr. Wert was sworn by a person authorized to administer oaths. Although a notary public is authorized to administer oaths, I.C. § 9-1401, the claim of lien does not state that the notary public did so in this case. The notary did not certify that Mr. Wert was sworn before the notary. The notary only certified that Mr. Wert was the person who signed the claim of lien on behalf of the corporation and that Mr. Wert acknowledged that the corporation executed it. For example, in *ParkWest* the claim of lien stated that it was "[s]igned and sworn to before me [the notary]." *Id*. at 607, 238 P.3d at 207. Likewise, the first lien filed by Claimant stated that it was "SUBSCRIBED AND SWORN to before me [the notary]." Because Claimant's second lien does not state that it was sworn to before someone authorized to administer oaths, the claim of lien does not comply with Idaho Code section 45-507(4), and it is void.

## IV.

### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Lender seeks an award of attorney fees on appeal against Claimant pursuant to Idaho Code sections 12-120(3) and 12-121. The gravamen of this appeal concerned the right of Claimant to foreclose its mechanic's lien as alleged in its counterclaim and third-party claim. Idaho Code section 45-513 provides for the award of reasonable attorney fees in an action to foreclose a mechanic's lien. *Barber v. Honorof*, 116 Idaho 767, 771, 780 P.2d 89, 93 (1989). However, section 45-513 does not provide for the award of attorney fees on appeal, *Stonebrook*

---

[4] The full text of the statement is as follows:

> I, AARON L. WERT, being first duly sworn, depose and say:
> That I am the Secretary-Treasurer of Riedesel Engineering, Inc., that I have read the within and foregoing Claim of Lien, know the contents thereof, and state that the same is true of my knowledge, and I believe the same to be just, and that it contains, among other things, a correct statement of Claimant's demands, together with the name of the owner or reputed owner of the land upon which said professional services were performed, the name of the person by whom Claimant was employed, and to whom such services were furnished, and for whom such services were rendered and performed, and a description of the properties to be charged with the lien, sufficient for their identification.

9

*Constr., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, ___, 277 P.3d 374, 380 (2012), because the legislature deleted that provision from the statute prior to adopting it, *Evco Sound & Elec., Inc. v. Seaboard Sur. Co.*, 148 Idaho 357, 366, 223 P.3d 740, 749 (2009). Where two statutes appear to apply to the same subject matter, the specific statute will control over the more general statute. *Athay v. Stacey*, 146 Idaho 407, 419, 196 P.3d 325, 337 (2008). Therefore, because section 45-513 is a specific statute providing for the award of attorney fees in proceedings to foreclose a mechanic's lien, Idaho Code sections 12-120(3) and 12-121, which are general statutes, do not apply. *See Henry v. Taylor*, 152 Idaho 155, ___, 267 P.3d 1270, 1277 (2012) (where I.C. § 9-344(2) is a specific statute for awarding attorney fees pursuant to the Public Records Act, Idaho Code §§ 12-117 and 12-121 do not apply in actions to compel disclosure under the Act).

Lender also seeks an award of attorney fees pursuant to the terms of the mortgage, not to be awarded against Claimant but to be added to the sum secured by the mortgage. Lender instituted this action to foreclose its mortgages and to have them declared to have priority over other liens against the real property. Under the terms of the first mortgage dated July 24, 2008, Lender's reasonable attorney fees in an action to enforce the mortgage are secured by the mortgage.

The first mortgage dated July 24, 2008, stated that it

secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender . . . as well as all claims by Lender against Grantor . . ., whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, . . . and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

The attorney fee provision in the mortgage states:

If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection at its interest or the enforcement of its rights shall become a part at the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid.

10

In the judgment entered in this case, the district court held that Lender's mortgages were valid liens on the real property, and the amount it determined to be secured by the mortgage included Lender's attorney fees. On remand, the district court can add to that sum the amount incurred by Lender as reasonable attorney fees on this appeal.

Claimant seeks an award of attorney fees on appeal pursuant to Idaho Code sections 45-513 and 12-121. As stated above, section 12-121 does not apply to this appeal, and Section 45-513 does not authorize the award of attorney fees on appeal.

## V.
### Conclusion.

We reverse the judgment of the district court holding that respondent had a valid lien and we remand this case for further proceedings that are consistent with this opinion. We award appellant costs on appeal, but not attorney fees against respondent.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**