# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41045

| | |
|---|---|
| ALLIED GENERAL FIRE AND SECURITY, INC., an Idaho corporation, )<br><br>Plaintiff-Respondent-Cross Defendant-Respondent, )<br><br>v. )<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, and DOES 1-10, )<br><br>Defendants-Counterdefendants, )<br><br>and )<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., an Idaho corporation, and ST. LUKE'S MAGIC VALLEY REGIONAL MEDICAL CENTER, LTD., an Idaho corporation, )<br><br>Interpleaders, )<br><br>v. )<br><br>DEBEST FIRE INC., an Idaho corporation, )<br><br>Respondent-Counterclaimant-Cross Claimant-Appellant, )<br><br>and )<br><br>JANE DOES I-X and XYZ CORPORATIONS I-X, )<br><br>Respondents-Cross Defendants. ) | 2014 Unpublished Opinion No. 488<br><br>Filed: May 1, 2014<br><br>Stephen W. Kenyon, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order granting summary judgment as to the validity of a mechanic's lien, reversed and remanded.

Risch/Pisca, LLC, Boise, for appellant. Jason S. Risch argued.

Jeffrey R. Townsend, Boise, for respondent.

_____

MELANSON, Judge

DeBest Fire, Inc. appeals from the district court's order granting summary judgment in favor of Allied General Fire and Security, Inc. as to the validity of Allied's mechanic's lien. For the reasons set forth below, we reverse and remand.

## I.

## FACTS AND PROCEDURE

As part of the construction of a medical center property, St. Luke's Regional Medical Center, Ltd. and St. Luke's Magic Valley Regional Medical Center, Ltd. (St. Luke's) contracted with DeBest for the installation of a fire suppression system. To fulfill some of its contractual obligations, DeBest contracted with Allied to provide labor and materials for the project. Shortly after completion of the work in July 2011, a dispute arose between DeBest and Allied over the amount of money owed to Allied under the subcontract. As a result, Allied recorded a mechanic's lien against the medical center property. In the claim of lien, Allied's president signed the following statement:

> I, Kenneth Webster, do swear, depose, and say that I am President of Allied General Fire & Security, Inc., and that on behalf of the Claimant, I do swear that I have read the above and foregoing claim and I know the contents thereof and that the same is true. I also believe the above and foregoing claim to be just, and that all just credits and offsets have been fully allowed. Dated this 31st day of August, 2011.

This was followed by the signed and sealed certification of the notary public:

> On this 31st day of August, 2011, before me a notary public for Idaho, personally appeared Kenneth Webster, known or identified to me to be the President of the corporation that executed the within instrument or the person who executed the within instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

2

In a subsequent complaint against St. Luke's,[1] Allied sought to foreclose on its mechanic's lien to satisfy the amount allegedly owed to Allied under its subcontract with DeBest.[2] In response, St. Luke's filed an interpleader seeking to deposit the disputed amount with the district court and denied the validity of Allied's claim of lien. DeBest intervened and filed a cross-claim against Allied to the disputed funds pursuant to its contract with St. Luke's.

St. Luke's filed a motion for summary judgment against Allied and DeBest, which DeBest eventually joined, and sought dismissal of the lien foreclosure claim and St. Luke's dismissal from the case as requested in its interpleader. Specifically, St. Luke's argued that Allied's claim of lien was invalid for failing to comply with the verification requirement of I.C. § 45-507(4), which the Idaho Supreme Court had recently interpreted to require a statement in the claim of lien attesting that the claimant was first sworn by a person authorized to administer oaths, such as a notary public.[3] St. Luke's asserted that Allied's claim of lien did not contain such a statement. Instead of granting or denying St. Luke's motion for summary judgment, the district court granted summary judgment in favor of Allied as to the validity of Allied's claim of lien.[4] To do so, the district court narrowly construed the recently decided precedent, finding that Allied's claim of lien substantially conformed to the verification requirement of the statute and was therefore valid. The district court noted that, if it were found to have erred as to the validity of Allied's claim of lien, then the interpleader requested by St. Luke's would be the appropriate course of action. The district court also determined that this

---

[1] It appears that Allied did not file suit against DeBest for payment of the money allegedly owed because DeBest was administratively dissolved in 2012 and is now insolvent.

[2] Allied also alleged unjust enrichment; however, this is not an issue on appeal.

[3] See First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc., 154 Idaho 626, 301 P.3d 632 (2012).

[4] Although Allied did not move for summary judgment, the written order issued by the district court specifically granted partial summary judgment in favor of Allied on the issue of the validity of its claim of lien. To do so, the district court necessarily had to deny St. Luke's and DeBest's motion for summary judgment on that issue. However, the district court failed to note this denial in its order. For ease of reference and because this anomaly does not affect our analysis or holding, we address only the district court's grant of partial summary judgment in favor of Allied on the issue of the validity of Allied's claim of lien.

was an appropriate case for an interlocutory appeal and certified the judgment as final pursuant to I.R.C.P. 54(b). DeBest appeals.

## II.

## STANDARD OF REVIEW

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

## III.

## ANALYSIS

### A.     Mechanic's Lien

DeBest argues that the district court erred in denying the motion for summary judgment, which DeBest joined, based on the district court's determination that Allied's claim of lien was valid. DeBest asserts that Allied's claim of lien did not substantially comply with the statutory requirements because it lacked verification, such as a notary public's attestation, that the claim of lien had been sworn to before a person authorized to administer oaths.

Under Idaho's mechanic's lien statute, every party performing labor or professional services for, or furnishing materials to be used in, the construction of any building has a lien upon the structure for the work or labor done. I.C. § 45-501; *Franklin Bldg. Supply Co. v. Sumpter*, 139 Idaho 846, 850, 87 P.3d 955, 959 (2004). The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted. *BMC West Corp. v. Horkley*, 144 Idaho 890, 893, 174 P.3d 399, 402 (2007). Nevertheless, to create a valid lien, the claimant must substantially comply with the statutory requirements. *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 605, 238 P.3d 203, 205 (2010).

4

A claim of lien "must be verified by the oath of the claimant, his [or her] agent or attorney, to the effect that the affiant believes the same to be just." I.C. § 45-507(4). The purpose of the verification requirement in I.C. § 45-507 is to frustrate the filing of frivolous claims. *ParkWest Homes*, 149 Idaho at 606, 238 P.3d at 206; *Layrite Prods. Co. v. Lux*, 86 Idaho 477, 484-85, 388 P.2d 105, 109 (1964). A verification is a formal declaration made in the presence of an authorized officer, such as a notary public. *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, 154 Idaho 626, 632, 301 P.3d 632, 638 (2012); *ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207; *BMC West*, 144 Idaho at 897, 174 P.3d at 406. An acknowledgement is not a verification by oath. *ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207; *see also Evans v. Twin Falls Cnty.*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990) (stating that an affidavit was defective because it was merely acknowledged before a notary public, not subscribed and sworn to as an oath or affirmation as required of an affidavit under I.C. § 51-109(2)). Thus, for verification of a claim of lien to be valid, it must state that the person signing the lien was first sworn by a person authorized to administer oaths, such as a notary public. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638; *see also ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207 (stating that the notarized statement in ParkWest Homes' claim of lien that it had been "[s]igned and sworn to before [the notary]" was "the form of a written oath set forth in Idaho Code § 51-109(2)" and was sufficient to be "verified by the oath of" ParkWest Homes' agent). If the notary public or other person authorized to administer oaths does not specifically certify in the claim of lien that the claimant was first sworn before him or her, the lien fails to comply with the verification requirement of I.C. § 45-507(4) and is therefore void. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638.

Here, *First Fed. Sav. Bank* is directly on point and controlling. Allied fails to consider or even mention *First Fed. Sav. Bank* in its briefing to this Court; however, Allied's arguments largely track the district court's reasoning, which includes a discussion of *First Fed. Sav. Bank*, so we can assume that Allied endorses that reasoning as its own.[5] After discussing the

---

[5]     Allied also asserts for the first time on appeal a different definition of "verification" than was used by the Court in *First Fed. Sav. Bank*, *ParkWest Homes*, and *BMC West*. Allied uses this different definition as the basis for an argument that there is no requirement under I.C. § 45-507(4) that the claimant's *oath* be verified before a notary public or other third party, only that the claim be verified *by* the oath of the claimant. However, this argument is without merit under current case law. Also, Allied provides no authority in support of this argument and

5

statements in the claim of lien filed by Allied and finding that "it is beyond doubt" that they satisfy the verification requirements of I.C. § 45-507(4), the district court discussed the Idaho Supreme Court's holding in *First Fed. Sav. Bank*. However, instead of applying that holding, which is binding upon all lower courts in Idaho, the district court concluded that *First Fed. Sav. Bank* should be read narrowly and limited to the circumstances in that case.

The holding in *First Fed. Sav. Bank* is clear and provides no support for the district court's construction. Moreover, the facts in that case are essentially the same as in this case, necessitating a similar result. In *First Fed. Sav. Bank*, a mortgagee appealed from a denial of its motion for summary judgment regarding the validity of an engineering firm's claim of lien, which the mortgagee alleged was not properly verified. The district court had denied the motion because it ruled that the issue of the validity of the lien had been waived by the mortgagee's admission in open court that the lien was valid. After determining that the mortgagee could withdraw its admission, the Idaho Supreme Court analyzed the language used in the claim of lien to determine its validity. The claim of lien began with "I, AARON L. WERT, being first duly sworn, depose and say . . . ." *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638. Immediately preceding the notary public's signature and seal, the claim of lien stated the following:

> On this 23rd day of October, 2008, before me, a Notary Public for the State of Idaho personally appeared AARON L. WERT, known or identified to me, to be the Secretary-Treasurer of RIEDESEL ENGINEERING, INC., and the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

*Id.* at 631, 301 P.3d at 637. The Court reasoned that such language was insufficient to constitute verification under I.C. § 45-507(4) because it did not state that the individual was sworn by a person authorized to administer oaths. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638.

fails to address why the definition of "verification" consistently used by the Court should not apply. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, we need not address this argument further.

Instead, the language was merely that of an acknowledgment,[6] and the claim of lien was therefore void. *Id.*

The district court concluded that the language in the claim of lien here is distinguishable from the language determined to be insufficient in *First Fed. Sav. Bank*. Specifically, the district court reasoned that the preamble phrase "being first duly sworn" used in the claim of lien in *First Fed. Sav. Bank* refers to a past oath and does not indicate who administered it. By contrast, the preamble phrase in the claim of lien here states "I, Kenneth Webster, *do swear, depose, and say . . . .*" (Emphasis added.) The district court determined, and Allied argues, that this statement references present action which cannot reasonably be supposed to have occurred at the behest of anyone other than the notary public who signed the claim of lien.

The distinction, however, is irrelevant under the plain language of *First Fed. Sav. Bank*. Nowhere in that opinion did the Court state or imply that inferences or assumptions as to when an oath was given would meet the verification requirement of I.C. § 45-507(4). Indeed, the Court's focus was not on the statement of the claimant, but on the certification of the notary public or other party authorized to administer oaths that the claim of lien was verified by oath. The Court determined that the claim of lien must state explicitly that the claimant "was sworn by a person authorized to administer oaths." *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638. Thus, to be a valid verification under I.C. § 45-507(4), the notary public's statement in the claim of lien must certify that the claimant was sworn by or before the notary public. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638. Importantly, the Court provided examples of language sufficient to meet the verification requirement, citing to an earlier lien filed by the claimant and to language discussed in *ParkWest Homes*. *See First Fed. Sav. Bank*, 154 Idaho at

---

[6]     Idaho Code Section 51-109 sets out the forms of notarial acts. Subsection 1 provides that acknowledgements "shall substantially conform to the forms set forth in sections 55-710 through 55-715, Idaho Code." Section 55-710 provides, in pertinent part:

> The certificate of acknowledgment . . . must be substantially in the following form:
> . . . .
> On this.... day of...., in the year of...., before me (here insert the name and quality of the officer), personally appeared...., known or identified to me (or proved to me on the oath of....), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same.

7

632, 301 P.3d at 638 ("SUBSCRIBED AND SWORN to before me [the notary public]");
*ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207 ("[s]igned and sworn to before me [the notary public]").[7] These examples make plain that the key consideration is the statement of the notary public or other person authorized to administer oaths, which must explicitly certify that the claimant was sworn by or before him or her. Anything short of this verification will not suffice under the statute. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638.[8]

---

[7]   Additionally, the Court in *ParkWest Homes* referenced language in I.C. § 51-109(2) regarding what language was required for a written oath or affirmation in determining what would be a sufficient verification. Section 51-109(2) provides:

> An oath or affirmation, which is in writing, shall be signed by the person who takes it, and the notary public shall enter thereunder substantially the following:
> ". . . .
> Subscribed and sworn (or affirmed) before me this ..... day of .........., .....
> ....................(official signature and seal)."

We also note that I.C. § 51-109(4) provides an example of language that will suffice as verification of a corporate document:

> "I, ...................., a notary public, do hereby certify that on this ..... day of .........., ....., personally appeared before me .........., who, *being by me first duly sworn*, declared that he is the .......... of ...................., that he signed the foregoing document as .......... of the corporation, and *that the statements therein contained are true*.
> ....................(official signature and seal)"

(Emphasis added.)

[8]   Allied argues that this approach places form over substance and, as stated by the district court, would be a radical change to existing law. However, in *ParkWest Homes*, the Idaho Supreme Court provided an analysis consistent with the Court's subsequent decision in *First Fed. Sav. Bank*. The Court first noted that an acknowledgment is not a verification by oath. *ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207. The Court then specifically stated that the notarized statement in ParkWest Homes' claim of lien that it had been "[s]igned and sworn to before [the notary]" was "the form of a written oath set forth in Idaho Code § 51-109(2)" and was sufficient to be "verified by the oath of" ParkWest Homes' agent. *ParkWest Homes*, 149 Idaho at 607, 238 P.3d at 207. Additionally, the Court previously defined verification as requiring the claimant to swear an oath before one authorized to give oaths, such as a notary public. *BMC West*, 144 Idaho at 897-98, 174 P.3d at 406-07. Thus, the Idaho Supreme Court's holding in *First Fed. Sav. Bank* and this Court's application of that holding in this case are consistent with prior case law and do not constitute a radical change in existing law.

Here, the claim of lien does not contain a certification by the notary public that the claimant was sworn by or before the notary public or other person authorized to administer oaths. Instead, as acknowledged by the district court, the notary public's statement in Allied's claim of lien is, in all relevant aspects, identical to the notary public's statement determined in *First Fed. Sav. Bank* to be an acknowledgment and not a verification. And as in *First Fed. Sav. Bank*, all that the notary public certified here is that the claimant was the person who signed the claim of lien on behalf of the company. Thus, the statement here was merely an acknowledgment, which is not verification. Without written certification by the notary in the claim of lien that the claimant was placed under oath, Allied's claim of lien is void for failing to comply with the verification requirement found in I.C. § 45-507(4). Thus, the district court erred in granting summary judgment in favor of Allied as to the validity of Allied's claim of lien.

## B. Attorney Fees

Both parties request attorney fees on appeal pursuant to I.C. § 12-120(3). However, I.C. § 12-120(3) does not apply to mechanic's lien foreclosure actions or appeals therefrom. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638. Instead, I.C. § 45-513 provides for the award of reasonable attorney fees in an action to foreclose a mechanic's lien. *First Fed. Sav. Bank*, 154 Idaho at 632, 301 P.3d at 638. Under that statute, attorney fees are not recoverable on appeal. *Hendrix v. Gold Ridge Mines*, 56 Idaho 326, 337-38, 54 P.2d 254, 258 (1936); *W. F. Const. Co., Inc. v. Kalik*, 103 Idaho 713, 716, 652 P.2d 661, 664 (Ct. App. 1982). Accordingly, both Allied's and DeBest's requests for attorney fees on appeal are denied. DeBest, as the prevailing party, is entitled to its costs on appeal. I.A.R. 40.

## IV.

## CONCLUSION

The district court did not apply the Idaho Supreme Court's holding in *First Fed. Sav. Bank* to this case, resulting in its erroneous grant of summary judgment in favor of Allied as to the validity of Allied's claim of lien. Proper application of that binding precedent results in Allied's claim of lien being invalid for lack of verification. Accordingly, we reverse the district court's order granting summary judgment in favor of Allied on the issue of the validity of Allied's claim of lien and remand for further proceedings. Costs, but not attorney fees, on appeal are awarded to DeBest.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

9